UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAYLOR CARROLL, individually and on behalf of the Class | * * * | CIVIL ACTION NO. 16-537-SDD-RLB |
| v. | * * * | JUDGE: SHELLY D. DICK |
| SGS AUTOMOTIVE SERVICES, INC. | * * | MAGISTRATE JUDGE: BOURGEOIS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# FIRST SUPPLEMENTAL AND AMENDING CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, comes plaintiff, TAYLOR CARROLL, individually, and as representative of the Class, who wishes to supplement, amend and restate his Class Action Complaint (R. Doc. 1-1) as follows:

I.

By amending the caption as follows:

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAYLOR CARROLL, individually and on behalf of the Class | * * * | CIVIL ACTION NO. 16-537-SDD-RLB |
| v. | * * | JUDGE: SHELLY D. DICK |
| SGS NORTH AMERICA, INC. D/B/A SGS AUTOMOTIVE SERVICES | * * * | MAGISTRATE JUDGE: BOURGEOIS |

*************************************************************************

II.

By amending, supplementing, and re-stating the Class Action Complaint as follows:

# CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Taylor Carroll, who brings this Class Action Complaint on behalf of himself and all others similarly situated against Defendant, SGS North America, Inc. d/b/a SGS Automotive Services, and alleges as follows:

## NATURE OF THE CASE

1.      Plaintiff contends that Defendant, SGS North America, Inc. d/b/a SGS Automotive Services, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, by placing non-emergency telephone calls using an automatic telephone dialing system (ATDS) and an artificial or prerecorded voice to cellular phone subscribers without their prior express consent, in violation of 47 U.S.C. §227(b)(1)(A).

## PARTIES

2.      Plaintiff, Taylor Carroll, is a major individual domiciled in the Parish of Ascension, State of Louisiana.

3.      Defendant, SGS North America, Inc. d/b/a SGS Automotive Services ("SGS"), is a foreign corporation domiciled in the State of Delaware, with its principal place of business located at 201 Route 17 North, Meadows Office Complex, Rutherford, New Jersey 07070.  SGS North America, Inc. d/b/a SGS Automotive Services operates a business that contracts with vehicle dealers and finance companies to schedule and conduct end of lease vehicle inspections across the country.

## JURISDICTION AND VENUE

4.      At all material times herein, the conduct of Defendant, complained of below, occurred in Ascension Parish, Louisiana, where the phone calls were received.

5.     At all times herein, Defendant operated and provided its services in Ascension Parish, Louisiana.

## STATEMENT OF FACTS

6.     SGS contracts with automobile dealers and finance companies across the country to perform end of lease inspections on vehicles on their behalf.  Although end of lease inspections performed by third parties are not required according to the terms of the leases, SGS solicits lessees to conduct inspections of their vehicles.  SGS chooses to solicit these inspections through the use of unsolicited telephone calls to the lessees' cellular telephones using an automatic telephone dialing system (ATDS) and an artificial or prerecorded voice without their prior express consent.

7.     Plaintiff is the subscriber for cellular telephone number 225-266-xxxx.

8.     Starting on May 9, 2016, Plaintiff has received at least six recorded message phone calls on his cellular telephone from SGS.  Each of the calls were placed from the telephone number "800-340-4080." This telephone number is subscribed to SGS and SGS identifies itself in the messages as the calling party.

9.     On May 11, 2016 at 8:32 a.m. Plaintiff received the following phone message from SGS:

> Hello. This is an important call regarding your lease end vehicle inspection process.  SGS Automotive Services is your finance company's inspection provider and is responsible for completing your inspection prior to the end

of your lease. As a reminder, please call SGS to schedule your appointment. The telephone number is 1-800-340-4080, and the operating hours are 8:00 a.m. to 8:00 p.m. Eastern Time Monday through Friday. Again that telephone number is 1-800-340-4080. Upon completion of the inspection the SGS inspector will provide two copies of the official condition report; one for your records and one to remain with the vehicle for return. On behalf of SGS and your lease provider, we look forward to hearing from you soon.

10. On May 13, 2016 at 9:13 a.m. Plaintiff received the following phone message from SGS:

Hello. This is SGS Automotive Services calling in regard to your lease end vehicle inspection process. SGS is the contracted company responsible for completing your inspection prior to your vehicle's return. To schedule your appointment visit our secure website at https://schedule.sgsauto.com. You may also contact our customer service center at 1-800-340-4080 8:00 a.m. to 8:00 p.m. Eastern Time Monday through Friday. Again our secure website is https://schedule.sgsauto.com. On behalf of SGS and your lease provider, we look forward to hearing from you soon.

11. All of the remaining messages received by Plaintiff from SGS came from the same phone number and contained similar content.

12. The above-described telephone calls transmitted by Defendant solicited Plaintiff to make an appointment to allow SGS to inspect his vehicle. The messages transmitted by SGS to Plaintiff were placed using an ATDS and the voice that placed the calls was automated or prerecorded.

13. The telephone calls received by Plaintiff and transmitted by Defendant were sent to Plaintiff's cellular telephone without his prior express consent.

14. Defendant utilizes equipment and maintains software which connects its telephony hardware and constitutes a dialing system that has the capacity to place telephone calls without human intervention and is thus an automatic telephone dialing system (ATDS).

15. The telephone calls made by Defendant to Plaintiff's cellular number were initiated and placed using Defendant's software and telephony dialing system.

16. Defendant's software and telephony dialing system stores telephone numbers.

17. Defendant's software and telephony dialing system dials from a database of stored telephone numbers either at random or in a sequence, either pre-set or determined by algorithm.

18. Defendant's software and telephony dialing system possesses the capacity to dial from a list of stored telephone numbers without human intervention. Dialing systems, like that utilized by Defendant to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

19. Defendant's telephone calls to Plaintiff, and the Class, were all initiated using its automatic telephone dialing system (ATDS).

20. In addition, the telephone calls placed to Plaintiff and the Class were made using an artificial or prerecorded voice.

21. The above-described telephone calls to Plaintiff's cellular telephone number were knowingly and willfully initiated.

22. Defendant knew that it did not have Plaintiff's consent to place the above-described calls.

23. Defendant knew that Plaintiff's telephone number was a cellular telephone number.

24. The above-described telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake and were not made for emergency purposes.

25. It was Defendant's intent to initiate telephone calls to Plaintiff's cellular number, 225-266-xxxx, in order to promote to solicit Plaintiff, and members of the Class, to make appointments for vehicle inspections.  Prior to Defendant's initial telephone call to Plaintiff, Defendant knew or should have known that Plaintiff's number was a cellular telephone number.

26. Defendant should have or could have conducted a simple cell phone number scrub using a recognized database, such as Neustar, to determine that 225-266-xxxx was a cellular telephone number.

27. The failure to properly scrub its database to determine whether 225-266-xxxx and other class members' numbers were cellular telephone numbers was in reckless disregard of Defendant's obligations under the TCPA.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following class of similarly situated individuals ("The Class"):

> (i) all persons in the United States to whom a telephone call was initiated or placed by Defendant, (ii) to such person's cellular telephone number, (iii) using the same or similar telephone calling system that Defendant, or any person or company on its behalf, used to call Plaintiff, (iv) seeking to schedule a vehicle inspection, (v) within the four years preceding the date this Petition was filed. Excluded are those persons who provided prior express consent to receive such calls. Further excluded from the class are all judges and court personnel employed by the Court assigned this matter, and all officers, directors, and employees of Defendant.

29. The Class consists of thousands of individuals and legal entities who are geographically disbursed making joinder impractical. The exact size of the Class and identities of the individual members are ascertainable through Defendant's records.

30. The allegation in the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based on the following information: (1) Plaintiff received multiple calls to his cellular telephone from Defendant indicating that Defendant did not scrub or remove

cellular telephone numbers; (2) the very purpose of automated dialers is to call numerous persons in a short amount of time and Plaintiff received multiple calls to his cellular telephone number; and (3) the form and content of the recorded messages are identical and consistent with mass dissemination of such calls and messages, which are not personalized.

31. The claims of Plaintiff are typical of the claims of the Class Members. The claims of Plaintiff and the Class are based on the same legal theories and arise from the same unlawful and willful conduct. Further, Plaintiff and the Class all sustained the same injury and are all entitled to the same statutory damages.

32. Plaintiff and the Class have a well-defined community of interest. Defendant acted and/or failed to act on grounds generally applicable to Plaintiff and the Class Members requiring the Court's imposition of uniform relief to insure compatible standards of conduct toward each Class Member. Absent a class action, most of the respective Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Class treatment of common questions of law and fact is superior to multiple, individual actions or piecemeal litigation in that it conserves the resources of the Court and the litigants and promotes consistency and efficiency of adjudication.

33. There are numerous questions of law and fact common to the claims of Plaintiff and the Class and these questions predominate over any questions that may affect only individual Class Members.

34. Common questions of law and fact affecting the Class include, but are not limited to, the following:

- (a) Whether Defendant's software and telephony dialing system constitute an automatic telephone dialing system (ATDS) under the TCPA and/or the FCC's rules;

    - (b) Whether the voice used to place the telephone calls by Defendant was artificial or prerecorded;

    - (b) Whether the telephone calls made by Defendant were made knowingly or willfully;

    - (c) Whether Defendant is liable for treble statutory damages based on the willfulness of its conduct; and

    - (d) Whether Defendant obtained the prior express written consent of Plaintiff and/or Class Members prior to initiating telephone calls to their cellular telephones.

35. The claims of Plaintiff are further typical of those of the Class Members as all are based on the same facts and legal theories.

36. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are experienced in litigating TCPA class actions. Neither Plaintiff nor his counsel have any interest which might cause them not to vigorously pursue this action. Neither Plaintiff nor his counsel have any interest adverse to those of the respective Class Members.

37. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Louisiana Code of Civil Procedure statutory provisions.

## CAUSES OF ACTION – COUNT I:   MONETARY DAMAGES PURSUANT TO 47 U.S.C. §227(b)(3)(B) FOR VIOLATING THE TCPA

38. The acts of Defendant constitute violations of the TCPA.

39. Defendant used an ATDS to make and/or initiate calls to Plaintiff's and the Class Members' cellular telephone numbers.

40. Defendant's violations of the TCPA include, but are not limited to, the following:

> Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service in violation of 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200(a)(1)(iii).

41. As a result of Defendant's actions, Plaintiff and the Class are entitled to an award of damages of $500.00 for each such violation.

42. Defendant's violations were committed willfully and knowingly.

43. Plaintiff, individually and on behalf of the Class, requests the Court to award treble damages based on Defendant's knowing and willing violation, pursuant to 47 U.S.C. §227(b)(3).

44. Plaintiff and the Class Members also suffered actual damages as a result of Defendant's conduct in the form of the use of cellular data and service, the usage of voicemail services, time lost to answer and respond to the telephone calls, battery usage, inconvenience, interruption of legitimate business activities in connection with the use of the cellular telephone, and the invasion of the recipient's privacy.

### COUNT II: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A)

45. The acts described above constitute violations of the TCPA by Defendant's use of an ATDS to make and/or initiate calls to Plaintiff and the Class Members' cellular telephone numbers. Defendant's policies and procedures violate the TCPA on a continuing basis.

46. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

47. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin Defendant from violating the TCPA in the future.

## COUNT III: CONVERSION

48. By sending Plaintiff and the Class unsolicited phone calls, Defendant deprived the Class of the use of, and converted to their own use, the cellular telephones belonging to Plaintiff and the Class.

49. Immediately prior to the placing of the unsolicited calls, Plaintiff and the Class owned and had an unqualified and immediate right to the possession of their cellular telephones.

50. By sending the unsolicited calls, Defendant appropriated to its own use, and deprived Plaintiff and the Class of the use of their cellular telephones, such that they could not be used for the receipt of any other calls. Such appropriation was wrongful and without authorization.

51. Defendant knew or should have known that such appropriation of Plaintiff and the Class Members' cellular telephones was wrongful and without authorization.

52. Plaintiff and the Class were deprived of the use of their cellular telephones, which could no longer be used for any other purpose while receiving Defendant's calls.

Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited calls.

## COUNT IV: INVASION OF PRIVACY

53. Defendant, by its acts and omissions described herein, have invaded Plaintiff and the Class' privacy and/or committed an unauthorized intrusion into Plaintiff and the Class' seclusion.

54. The invasion of privacy and/or intrusion committed by Defendant has been offensive and/or objectionable to Plaintiff and the Class.

55. The invasion of privacy and/or intrusion committed by Defendant would be offensive and/or objectionable to any reasonable person.

56. Defendant invaded and/or intruded on the privacy and/or private matters of Plaintiff and the Class.

57. The invasion of privacy and/or intrusion committed by Defendant has caused Plaintiff and the Class anguish and suffering, as well as additional damages as described herein.

## COUNT V: PRIVATE NUISANCE

58. Defendant, by its acts and omissions described herein, has invaded Plaintiff and the Class' interest in the use and enjoyment of their property.

59. Defendant's invasions have been substantial, negligent and unreasonable, and have constituted a nuisance with respect to Plaintiff and the Class.

60. Defendant's invasions would constitute a nuisance with respect to any reasonable person.

61. Defendant's invasions have made life uncomfortable for Plaintiff and the Class and have caused Plaintiff and the Class actual damages as described herein.

## COUNT VI: PUBLIC NUISANCE

62. Plaintiff, the Class, and the rest of the public, have a right to be free from the inconvenience and annoyance of the unsolicited calls and texts placed to their cellular telephones.

63. Defendant, by its acts and omissions as described herein, has substantially and unreasonably interfered with these rights.

64. Defendant, by its acts and omissions as described herein, has proximately caused Plaintiff and the Class actual damages as described herein.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues against all parties.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, phone records, dialer records, documents and other tangible

things that relate to the allegations herein. These documents include, but are not limited to, call logs, transmission logs, recipient logs, spreadsheets, databases, the listing of telephone numbers to which telephone calls were sent during the class period, any proof of prior express consent and communications of any type in any way relating to these telephone calls. Demand is further made on Defendant to notify any third parties or vendors that may possess relevant documentation of this preservation demand and request that such third parties preserve all such documentation.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. An order certifying this matter as a class action under the Louisiana Code of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B. For injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A);

C. For damages pursuant to 47 U.S.C. §227(b)(3)(B);

D. For treble damages pursuant to 47 U.S.C. §227(b)(3);

E. For damages for Conversion, Invasion of Privacy, Private Nuisance, and Public Nuisance;

F. For attorney fees and costs, as allowed by law, for pre-judgment interest and for all general and equitable relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

**KEOGH, COX & WILSON, LTD.**


BY: _s/ Christopher K. Jones_
JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
701 Main Street
Baton Rouge, Louisiana   70802
Telephone:   (225) 383-3796
Facsimile: (225) 343-9612
Email:    jwolff@keoghcox.com
          cjones@keoghcox.com

-and-

PHILIP BOHRER, Bar #14089
SCOTT E. BRADY, Bar #24976
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Email:   phil@bohrerbrady.com
         scott@bohrerbrady.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system. I also certify that, as of the date of this mailing, there are no manual recipients identified to receive this mailing.

Baton Rouge, Louisiana, this 4th day of January, 2017.

_s/ Christopher K. Jones_
CHRISTOPHER K. JONES