# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR CARROLL INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION NO. 3:16-CV-00537 |
| | JUDGE SHELLY D. DICK |
| VERSUS | MAGISTRATE JUDGE RICHARD L. BOURGEOIS |
| SGS AUTOMOTIVE SERVICES, INC. | |

## SGS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDING CLASS ACTION PETITION FOR DAMAGES AND THIRD-PARTY COMPLAINT AGAINST CINDY R. CARROLL AND E.T. INTERNATIONAL, LLC D/B/A ACURA OF BATON ROUGE

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant SGS North America, Inc. ("SGS"), through undersigned counsel, hereby submits its Answer and Affirmative Defenses to the claims asserted against SGS in Plaintiff's Second Amending Class Action Petition for Damages, Statutory Penalties, and Injunctive Relief (the "Complaint"). SGS expressly denies all allegations contained in the Complaint unless specifically admitted herein and denies that Plaintiff is entitled to any of his requested relief.

## NATURE OF THE CASE

### 1.

The allegations in Paragraph 1 of the Complaint contain conclusions of law to which no response is required. To the extent that further response to the allegations contained in Paragraph 1 of the Complaint is required, those allegations are denied.

## PARTIES

### 2.

The allegations of Paragraph 2 are admitted.

3.

The allegations contained in the first sentence of Paragraph 3 of the Complaint are denied, except that it is admitted that SGS North America Inc. is a foreign corporation domiciled in the State of Delaware, with its principal place of business located at 201 Route 17 North, 7th Floor, Rutherford, New Jersey 07070. The allegations contained in the second sentence of Paragraph 3 of the Complaint are denied. Responding further to the second sentence in Paragraph 3 of the Complaint, SGS states that it operates a business that, *inter alia*, contracts with vehicle finance companies to schedule and conduct end of lease vehicle inspections.

**JURISDICTION AND VENUE**

4.

The allegations contained in Paragraph 4 of the Complaint are denied as written.

5.

The allegations contained in Paragraph 5 of the Complaint are denied as written.

**STATEMENT OF FACTS**

6.

The allegations contained in the first sentence of Paragraph 6 of the Complaint are denied. Responding further to the first sentence of Paragraph 6 of the Complaint, SGS states that it operates a business that, *inter alia*, contracts with vehicle finance companies to schedule and conduct end of lease vehicle inspections. The allegations contained in the second sentence of Paragraph 6 of the Complaint are denied on grounds that they call for a legal conclusion respecting the interpretation of a written contract. Responding further to the second sentence of Paragraph 6 of the Complaint, the purported leases are written documents and are the best

PD.22565292.2

evidence of their respective content. The allegations contained in the third sentence of Paragraph 6 are denied.

7.

The allegations of the first sentence of Paragraph 7 are admitted.  The allegations of the second sentence of Paragraph 7 consist of legal conclusions to which no response is required, but to the extent a response is deemed necessary, said allegations are denied.  The allegations of the third sentence of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are admitted subject to the caveat that Cindy Carroll, Plaintiff's spouse, represented in writing that the number was her "home phone" number.

9.

The first sentence of Paragraph 9 is admitted. The second sentence of Paragraph 9 is admitted. The third sentence of Paragraph 9 is denied as written; as the messages left by SGS clearly communicate, they were made on behalf of Cindy Carroll's lessor/finance company American Honda Finance Company ("AHFC"), using a number Cindy Carroll and Plaintiff provided as a "home phone" number,  in an effort to schedule an inspection (to be paid for by AHFC) of a vehicle Cindy Carroll had already leased.

10.

The allegations of Paragraph 10 are denied as written.

11.

The allegations of Paragraph 11 are admitted.

12.

The allegations of Paragraph 12 are admitted.

3

13.

The allegations of Paragraph 13 are admitted.

14.

The allegations contained in Paragraph 14 of the Complaint contain conclusions of law to which no response is required. Otherwise, the allegations are denied as written. Further responding, the calls were made on behalf of Cindy Carroll's lessor/finance company, AHFC, using a number Cindy Carroll and Plaintiff provided as a "home phone" number, in an effort to schedule an inspection (to be paid for by AHFC) of a vehicle Cindy Carroll had already leased.

15.

The allegations contained in Paragraph 15 of the Complaint are denied.

16.

The allegations contained in Paragraph 16 of the Complaint are denied as written.

17.

The allegations contained in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

18.

The allegations of the first sentence of Paragraph 18 are denied as written; the calls were made on behalf of Cindy Carroll's lessor/finance company, AHFC, using a number Cindy Carroll and Plaintiff provided as a "home phone" number, in an effort to schedule an inspection (to be paid for by AHFC) of a vehicle Cindy Carroll had already leased.   The allegations of the second sentence are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are denied as written. The calls were made on behalf of Cindy Carroll's lessor/finance company, AHFC, using a number Cindy Carroll and Plaintiff provided as a "home phone" number, in an effort to schedule an inspection (to be paid for by AHFC) of a vehicle Cindy Carroll had already leased.

20.

The allegations contained in Paragraph 20 of the Complaint are denied as written.

21.

The allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

23.

The allegations contained in Paragraph 23 of the Complaint are denied as written insofar as untold numbers of the putative class were connected with a human operator and thus never heard an artificial or prerecorded voice.

24.

The allegations contained in Paragraph 24 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are denied.

5

27.

The allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are denied.

29.

The allegations contained in the first sentence of Paragraph 29 of the Complaint contain conclusions of law to which no response is required. To the extent that further response to the allegations contained in the first sentence of Paragraph 29 of the Complaint are required, those allegations are denied.  The allegations contained in the second sentence of Paragraph 29 of the Complaint are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 of the Complaint contain conclusions of law to which no response is required. In an abundance of caution, the allegations are denied.

## CLASS ALLEGATIONS

31.

The allegations contained in Paragraph 31 of the Complaint contain a description of Plaintiff's action to which no response is required. To the extent a response is required, SGS admits only that Plaintiff purports to bring a putative class action. The remaining allegations are denied. SGS specifically denies that the putative class of referenced individuals is appropriate for treatment as a class action or can be maintained as a class action.

PD.22565292.2

32.

The allegations contained in Paragraph 32 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

33.

The allegations contained in Paragraph 33 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the factual allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

34.

The allegations contained in Paragraph 34 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

35.

The allegations contained in Paragraph 35 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

PD.22565292.2

36.

The allegations contained in Paragraph 36 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

37.

The allegations contained in Paragraph 37 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

38.

The allegations contained in Paragraph 38 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

39.

The allegations contained in Paragraph 39 of the Complaint are denied for lack of information sufficient to justify a reasonable belief therein. SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

40.

The allegations contained in Paragraph 40 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

SGS specifically denies that the putative class is appropriate for treatment as a class action or can be maintained as a class action.

## CAUSES OF ACTION – COUNT I: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR VIOLATING THE TCPA

41.

The allegations contained in Paragraph 41 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.

The allegations contained in Paragraph 42 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 43 of the Complaint are denied as written.

44.

The allegations contained in Paragraph 44 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

45.

The allegations contained in Paragraph 45 of the Complaint are denied.

46.

The allegations contained in Paragraph 46 of the Complaint are denied.

47.

The allegations contained in Paragraph 47 of the Complaint contain conclusions of law and a prayer for damages, neither of which require a response. To the extent a response is required, the allegations are denied.

48.

The allegations contained in Paragraph 48 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT II: INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227(b)(3)(A)**

49.

The allegations contained in Paragraph 49 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50.

The allegations contained in Paragraph 50 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

51.

The allegations contained in Paragraph 51 of the Complaint contain conclusions of law and a prayer for relief, neither of which require a response. To the extent a response is required, the allegations are denied.

**JURY DEMAND**

52

The allegations contained in unnumbered Paragraph 52 of the Complaint consist of Plaintiff's demand for trial by jury, which does not require a response.

**DOCUMENT PRESERVATION DEMAND**

53.

The allegations contained in unnumbered Paragraph 53 of the Complaint do not require a response. To the extent a response is required, the allegations are denied.

10

## PRAYER FOR RELIEF

54.

To the extent Plaintiff's prayer for relief requires a response, it is denied.

## **AFFIRMATIVE DEFENSES**

55.

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

56.

Plaintiff's claims are barred at least in part because Plaintiff lacks standing to assert them.

57.

Plaintiff and the putative class suffered no actual damages, and any actual damages allegedly sustained are too speculative as a matter of law.

58.

Plaintiff's damages and the damages of individual members of the putative class, if any, were caused by an intervening or superseding event or by the actions of a third party for which SGS is not responsible.

59.

Plaintiff's claims and claims of individual members of the putative class are barred to the extent Plaintiff or individual class members failed to mitigate damages or to otherwise avoid harm.

60.

The Complaint fails, in whole or in part, to state a claim upon which injunctive relief can be awarded.

11

61.

Plaintiff cannot satisfy the requirements of a class action under Federal Rule of Civil Procedure 23.

62.

Plaintiff has failed to meet the requirements of the applicable class action rule, Federal Rule of Civil Procedure 23, as to the pleading or maintenance of a class action with regard to the matters set forth in Plaintiff's Petition, and, thus, the class allegations of the Complaint should be dismissed.

63.

The causes of action or claims alleged in the Complaint may not be properly certified or maintained as a class action. Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is not an appropriate class representative because his claims are not common and/or typical of the claims of the other putative class members. Plaintiff's claims are inappropriate for class treatment because there are no common questions of law or fact, the alleged common questions do not predominate over individual issues raised by Plaintiff's claims, and Plaintiff would not adequately represent the members of the putative class. The putative class described in the Complaint is not sufficiently definite such that its members are ascertainable through the use of objective criteria.

64.

Plaintiff's claims and the claims of individual members of the putative class are barred at least in part by the applicable statute of limitations or the doctrine of laches.

12

65.

Plaintiff's claims and claims of individual members of the putative class are barred, in whole or in part, by the doctrines of consent, acquiescence, waiver, estoppel, or other equitable defenses to the extent that Plaintiff or individual class members agreed to receive the alleged phone calls, failed to take action to request that they no longer receive calls, or took advantage of any offers in the alleged phone calls.

66.

Any alleged phone calls were made in good faith and with a reasonable belief that it was not in violation of state or federal law, were justified, proper, and lawful, and were taken without any intent to violate state or federal law.

67.

Any alleged calls were made in good faith and in conformity with and in reliance on administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Federal Communications Commission and/or other governmental body.

68.

Plaintiff's claims and the claims of the putative class for statutory penalties and punitive damages against SGS violates the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Louisiana, and/or the Constitution of any other jurisdiction, insofar as such penalties would be grossly excessive in light of the violation alleged; grossly excessive in light of the lack of any harm suffered; and grossly excessive such that SGS had insufficient notice that such penalties could be imposed for the violations alleged.

PD.22565292.2

69.

Although Plaintiff and the putative class bears the burden of proving a violation of the TCPA, to the extent SGS is required to assert it as an affirmative defense, Plaintiff and individual members of the putative class provided their "prior express consent" to receiving the alleged telephone calls.

70.

Any calls to Plaintiff and individual members of the putative class were exempted by rule or order by the Commission and therefore the alleged calls did not violate 47 U.S.C. § 227.

71.

SGS is not liable for any damages that would violate the Fifth or Fourteenth Amendments of the United States Constitution.

72.

Reasonable practices and procedures were established and implemented, with due care, to effectively prevent telephone solicitation in violation of the regulations.

73.

But-for intentional or negligent contractual representations made by Plaintiff's spouse, Cindy Carroll, in in the course of leasing the at-issue Acura vehicle (as set forth in more detail in the below third party complaint), and wherein Cindy Carroll listed Plaintiff's cellphone number as her personal "home phone" number, SGS would not have made the calls at issue to Plaintiff's cell phone number.

14

74.

In the alternative, but-for E.T. International, L.L.C. d/b/a Acura of Baton Rouge's intentional or negligent failure to obtain correct information regarding Cindy Carroll's telephone contact information (as set forth in more detail in the below third party complaint), wherein Cindy Carroll listed Plaintiff's cellphone number as her personal "home phone" number, SGS would not have made the calls at issue to Plaintiff's cellphone number.

75.

SGS expressly reserves the right to supplement its Answer and Affirmative Defenses as necessary and appropriate.

***

## THIRD PARTY COMPLAINT

NOW assuming the role of Third Party Plaintiff, SGS North America, Inc. ("SGS"), submits its Third-Party Complaint against CINDY R. CARROLL and E.T. INTERNATIONAL, L.L.C. D/B/A ACURA OF BATON ROUGE ("Acura of Baton Rouge"), and avers as follows:

### I.       Parties, Venue and Jurisdiction

76.

SGS is a Delaware corporation, with its principal place of business located at 201 Route 17 North, 7th Floor, Rutherford, New Jersey 07070.

77.

Third Party Defendant Cindy R. Carroll is a Louisiana domiciliary who is currently residing within this Judicial District, with her last known address being 14532 Oak Path Drive, Prairieville, Louisiana, 70769.

PD.22565292.2

78.

Third Party Defendant Acura of Baton Rouge is a Louisiana limited liability company doing business in the State of Louisiana, with a principal place of business at 13550 Airline Highway, Baton Rouge, Louisiana 70817.

79.

Venue is proper because the underlying incident occurred in this District, and at least one of the Defendants is subject to personal jurisdiction in this District, pursuant to 28 U.S.C. § 1367.

80.

This Court has supplemental jurisdiction over this third party complaint under 28 U.S.C. § 1367, because the claims represented herein are so related to claims in an action within such court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Additionally, this Court enjoys jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1332, because there exists complete diversity of citizenship between plaintiff and defendants, and the amount in controversy exceeds $75,000.

## II.     Statement of Claims

81.

Plaintiff Taylor Carroll ("Plaintiff") filed this class action against SGS, asserting a claim arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Plaintiff alleges that SGS made unsolicited calls to his cell phone in violation of the TCPA.

82.

SGS has already answered Plaintiff's petition, and hereby reaffirms its prior answer in all respects.  To the extent necessary, SGS hereby re-asserts all of its previously stated defenses to Plaintiff's claims.

PD.22565292.2

83.

Plaintiff's telephone number was provided to SGS via a form provided by Acura of Baton Rouge and signed by Cindy R. Carroll, who is married to Plaintiff.  This form was filled out by Cindy R. Carroll, with the assistance an agent of Acura of Baton Rouge, to permit Cindy R. Carroll to lease a vehicle from AHFC (the "Lease Vehicle").  The lease form, which certified that Plaintiff's telephone number was her home telephone number, was signed by Cindy R. Carroll.

84.

Cindy R. Carroll and Acura of Baton Rouge knew that the telephone number listed on this form was not Cindy R. Carroll's home telephone number, but nonetheless knowingly filled out and executed the form with this incorrect information contained therein.

85.

Cindy R. Carroll and Acura of Baton Rouge knew, or should have known, that the placing of this telephone number on the form would result in AHFC, or one of its agents or contractors, attempting to contact Cindy R. Carroll in regard to the Lease Vehicle, by placing a call to Plaintiff's cell phone.

86.

Acura of Baton Rouge knew, or should have known, that AHFC had previously issued and circulated to its affiliates (including Acura of Baton Rouge) lease forms that included an fully compliant express consent provision (as per applicable FCC regulation), for purposes of potential TCPA liability.  However, Acura of Baton Rouge failed to utilize these forms, choosing instead to utilize the outmoded form which contained an express consent provision which did not reflect recent changes in FCC regulations.

87.

On January 8, 2013 AHFC and SGS signed a Master Services Agreement (with an appurtenant Statement of Work) under which SGS undertook to conduct lease-end inspections on vehicles AHFC leased.

88.

One of the vehicles SGS was tasked with inspecting was the Lease Vehicle.  Pursuant to its contract with AHFC, SGS attempted to contact Cindy R. Carroll by calling her at her home to schedule a lease-end inspection for the Lease Vehicle.  SGS utilized the phone number provided by AHFC to establish this contact.  AHFC, in turn, provided the number which Cindy R. Carroll, with the aid and assistance of Acura of Baton Rouge, had placed on the original lease form.

89.

Unknown to both SGS and AHFC, this was not Cindy R. Carroll's phone number, but rather Plaintiff's cell phone number.  As a result of the false, misleading, untrue and/or incorrect information knowingly submitted by Cindy R. Carroll and Acura of Baton Rouge, SGS called Plaintiff's telephone number, thus allegedly violating the TCPA.  SGS would not have called Plaintiff's cell phone number were it not for the conduct of Cindy R. Carroll and Acura of Baton Rouge, as described herein.  Furthermore, if Acura of Baton Rouge had utilized the current, updated forms and not used its outmoded forms, it would have been clear that SGS enjoyed express consent to call Plaintiff's cell phone (and thus there could be no TCPA violation).

90.

SGS has suffered significant harm and expense as a result of the conduct described herein.  Specifically, it has incurred significant litigation expense and costs in defending against the lawsuit filed by Plaintiff, which lawsuit is the direct result of Cindy R. Carroll and Acura of

18

Baton Rouge providing Plaintiff's cell phone number to AHFC and SGS while misrepresenting that number to be Cindy R. Carroll's home phone number.  This damage is continuing, as the litigation is continuing, and in the future may include adverse settlements or judgments as well as litigation expense.

### III.    Causes of Action

### Count 1.  Fraud, Intentional Misrepresentation, and Civil Conspiracy
### (Cindy R. Carroll and Acura of Baton Rouge)

91.

SGS hereby incorporates by reference the preceding allegations.

92.

Cindy R. Carroll and Acura of Baton Rouge conspired, combined, or agreed to make the false, misleading, and/or untrue statements described herein.  Both Cindy R. Carroll and Acura of Baton Rouge knew the statements were false, misleading, and/or untrue when they were made.

93.

SGS, as the ultimate recipient of these statements, reasonably relied upon them to its detriment.

94.

The false, misleading, untrue, and/or incorrect statements made by Cindy R. Carroll and Acura of Baton Rouge is the direct and proximate cause of the damages claimed by SGS.  It was reasonably foreseeable that AHFC or its contractors like SGS would call Plaintiff's phone number when attempting to reach Cindy R. Carroll in regard to the Lease Vehicle.

95.

SGS is entitled to indemnification, by way of an award of compensatory damages, sufficient to remedy all losses caused by the false, misleading, and untrue statements described herein.  Cindy R. Carroll and Acura of Baton Rouge, by virtue of their conspiracy, combination or agreement, are solidarily bound for all damages referenced herein, and the relief requested herein comprises an obligation or obligations to which each of the defendants is solidarily bound.

### Count 2.  Tort – Negligent Misrepresentation
### (Cindy R. Carroll and Acura of Baton Rouge)

96.

SGS hereby incorporates by reference the preceding allegations.

97.

Cindy R. Carroll and Acura of Baton Rouge had an obligation to make correct and accurate representations on the forms utilized to lease the Lease Vehicle.  Cindy R. Carroll and Acura of Baton Rouge in fact misrepresented her telephone number, and knew or should have known that this representation was false, misleading, and untrue when made.

98.

SGS relied upon the misrepresentations, which was the legal cause of SGS being sued by Plaintiff and incurring the expense it has to defend this matter.

99.

SGS is entitled to indemnification, by way of an award of compensatory damages sufficient to remedy all losses caused by the negligent misrepresentations of Cindy R. Carroll and Acura of Baton Rouge.

PD.22565292.2

## Count 3.  Tort – Negligence
## (Acura of Baton Rouge)

100.

SGS hereby incorporates by reference the preceding allegations.

101.

Acura of Baton Rouge acted unreasonably and negligently in failing to utilize the most recent forms provided to it by AHFC.  Acura of Baton Rouge knew or should have known that AHFC periodically updates its forms and literature in order to ensure up-to-date compliance with legal, ethical, and prudential requirements.  It was thus foreseeable that the failure to utilize current forms might subject AHFC, or one of its agents or contractors (such as SGS), to potential liability due to noncompliance with law or regulation.

102.

The failure of Acura of Baton Rouge was a proximate cause of the damages suffered by SGS, as the alleged absence of a current express consent has subjected it to potential liability under the TCPA.

103.

SGS is entitled to indemnification, by way of an award of compensatory damages sufficient to remedy all losses caused by the negligence of Acura of Baton Rouge.

PD.22565292.2

**WHEREFORE**, complainant SGS Automotive Services, Inc. prays that after due proceedings judgment be entered:

(a)     Awarding compensatory and general damages for Third Party Defendants Cindy R. Carroll and Acura of Baton Rouge's breach of legal duties owed to SGS;

(b)     Awarding SGS judicial interest from the date of judicial demand, or such earlier date as may be allowed by law; and

(c)     For all other relief to which SGS is entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     /s/ Shelton Dennis Blunt
         Shelton Dennis Blunt, Bar Roll No. 21230
         Paul LeBlanc, Bar Roll No. 23186
         Jack B. Stanley, Bar Roll No. 34106
         Kevin W. Welsh, Bar Roll No. 35380
         II City Plaza | 400 Convention Street, Suite 1100
         Baton Rouge, Louisiana 70802-5618
         Post Office Box 4412
         Baton Rouge, Louisiana 70821-4412
         Telephone: 225-346-0285
         Telecopier: 225-381-9197
         Email: dennis.blunt@phelps.com
                 paul.leblanc@phelps.com
                 jack.stanley@phelps.com
                 kevin.welsh@phelps.com

ATTORNEYS FOR DEFENDANT SGS NORTH AMERICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing Answer and Affirmative Defenses and Third Party Demand was filed on this 3rd day of November, 2017 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.


/s/ Shelton Dennis Blunt
Shelton Dennis Blunt

PD.22565292.2