**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TAYLOR CARROLL | CIVIL ACTION |
| VERSUS | 16-537-SDD-RLB |
| SGS NORTH AMERICA, INC. | |

## RULING

This matter is before the Court on the *Motion for Expedited Hearing*[1] filed by Defendant, SGS North America, Inc. ("Defendant") on Defendant's *Motion to Strike the Motion to Dismiss the Third Party Complaint Asserted by SGS North America, Inc.*[2] filed by Plaintiff, Taylor Carroll, ("Plaintiff"). Plaintiff has filed an *Opposition*[3] to Defendant's *Motion for Expedited Hearing*[4] and Defendant's *Motion to Strike*.[5] For the following reasons, Defendant's *Motions* are GRANTED.[6]

**I.  PROCEDURAL BACKGROUND**

Plaintiff filed a *Motion to Dismiss the Third Party Complaint* on behalf of his wife Cindy Carroll.[7] The third-party complaint filed by the Defendant asserts claims against Cindy R. Carroll and E.T. International ("Acura of Baton Rouge") – Plaintiff is not named in the third-party complaint.[8] Cindy Carroll separately filed her own *Motion to Dismiss for Failure to State a Claim*.[9]

---

[1] Rec. Doc. 54.
[2] Rec. Doc. 51.
[3] Rec. Doc. 56
[4] Rec. Doc. 54.
[5] Rec. Doc. 53.
[6] Rec. Docs. 53 and 54.
[7] Rec. Doc. 51-1, p. 1.
[8] Rec. Doc. 48, p. 15.
[9] Rec. Doc. 52.
44017

## II. LAW AND ANALYSIS

Plaintiff cites no controlling law which grants him standing to move for dismissal of a third party complaint in addition to his wife. Plaintiff's basis for moving is "that neither federal nor state law provided a right of indemnity to SGS under the circumstances of this case."[10] Plaintiff cites *James Talcott, Inc. v. Allahaban bank, Ltd.*[11] as a basis for standing to assert his motion. *Tallcott* is factually distinguishable from the present case because the moving party did not seek to dismiss the third-party complaint on behalf of, and in addition to, the third-party plaintiff.[12]

Numerous federal district and appellate courts[13] have rejected Plaintiff's expansive interpretation of Rule 14 that "any party may move to strike the third-party claim."[14] As the United States District Court for the Middle District of Florida reasoned in *Essex Builders Group, Inc. v. Amerisure Insurance Co.*, "The Court cannot conceive how [Plaintiff] has standing to seek dismissal of [Defendant's] cross-claim against [Third-Party Plaintiff], given that the [Defendant's] Third-party Claim does not assert any claims against Plaintiff."[15] The Court agrees that "it is generally accepted that parties lack standing to seek dismissal of parties other than themselves."[16] Furthermore, assuming *arguendo* that Plaintiff had standing to move on behalf of his wife, Plaintiff's *Motion to Dismiss the Third Party Complaint* is redundant to the *Motion to Dismiss for Failure to*

---

[10] Rec. Doc. 55, p. 4.
[11] 444 F.2d 451, 464 (5th Cir. 1971).
[12] *Id.*
[13] *See Bank v. Estate of Hayne*, 10-2634, 2012 WL 13027250 at *2 (N.D. Al. March 31, 2012); *Qwest Corp v. Arizona Corp. Com'n.*, 08-2374, 2009 WL 3059127 at *5 (D. Ariz. Sept. 23, 2009); *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957).
[14] Rec. Doc. 55, p. 2.
[15] 429 F.Supp.2d 1274, 1291 (M.D. Fla. Sept. 21, 2005).
[16] *E.E.O.C. v. Brooks Run Min. Co., L.L.C.*, 08-00071, 2008 WL 2543545 at *2 (S.D. W. Va. June 23, 2008).
44017

*State a Claim* filed by Cindy Carroll – the named Third-Party Plaintiff. Given that Plaintiff's motion is redundant, the Court, pursuant to Federal Rule of Civil Procedure 12(f), orders that Plaintiff's *Motion to Dismiss the Third Party Complaint* be stricken from the record.

## III. CONCLUSION

For the above stated reasons, Defendant's *Motion for Expedited Hearing*[17] and *Motion to Strike the Motion to Dismiss the Third Party Complaint Asserted by SGS North America, Inc.*[18] is hereby GRANTED.

It is further ordered that Plaintiff's *Motion to Dismiss the Third Party Complaint*[19] be stricken from the record in this case.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 8th day of February, 2018.

_Shelly D. Dick_

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 54.
[18] Rec. Doc. 53.
[19] Rec. Doc. 51.
44017