**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TAYLOR CARROLL | CIVIL ACTION |
| VERSUS | 16-537-SDD-RLB |
| SGS NORTH AMERICA INC. | |

## RULING

This matter is before the Court on the *Motions to Dismiss* filed by Third-Party Defendants Cindy Carroll ("C. Carroll")[1] and E.T. International, L.L.C. D/B/A Acura of Baton Rouge ("Acura").[2] Third-Party Plaintiff, SGS North America ("SGS"), has filed *Oppositions* to both motions,[3] to which each Third-Party Defendant filed a respective *Reply.*[4] For the reasons which follow, the Third-Party Defendants' motions will be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND[5]

Plaintiff in the underlying lawsuit, Taylor Carroll, alleges that SGS violated the Telephone Consumer Protection Act ("TCPA" 47 U.S.C. § 227") when it called his cellphone on several occasions regarding an end of lease inspection of his wife's Acura vehicle. SGS has now filed a *Third-Party Complaint* against C. Carroll and Acura alleging that both parties committed fraud, intentional misrepresentation, civil conspiracy, and negligent misrepresentation when C. Carroll placed Taylor Carroll's cellphone number as

---

[1] Rec. Doc. 52.
[2] Rec. Doc. 60.
[3] Rec. Docs. 59 and 64.
[4] Rec. Doc. 67 and 69.
[5] For a full factual discussion of the case, *see* the Court's *Ruling* at Rec. Doc. 40.
47362

their home phone number on the lease form.[6]  SGS also asserts a negligence claim against Acura for failing to use the most updated forms.[7]  It is SGS's contention that C. Carroll and Acura's actions resulted in SGS's alleged TCPA violation, and SGS is therefore entitled to indemnification from C. Carroll and Acura for any alleged TCPA violations.[8]  C. Carroll and Acura have separately moved to dismiss SGS's *Third-Party Complaint* pursuant to Rule 12(b)(6).

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)[9]

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

---

[6] Rec. Doc. 48, p. 19-20, ¶¶ 91-99.
[7] *Id.* at p. 21, ¶¶ 100-103.
[8] *Id.* at pp. 20-21 ¶¶ 95, 99, 103.
[9] Both C. Carroll and Acura ask the Court to convert their respective motions to dismiss to motions for summary judgment.  The Court's *Ruling* is based solely on the pleadings and proper attachments.  Accordingly, the Court will not convert the motions to dismiss to motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

### B. SGS's Claims for Fraud, Intentional Misrepresentation, and Civil Conspiracy

The Court has carefully reviewed SGS's *Third Party Complaint*[19] but is unable to discern under what statute SGS is seeking relief and what specific laws C. Carroll and Acura are alleged to have breached.[20] As our sister court in the Southern District of Texas noted: "Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead

---

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[19] Rec. Doc. 48.
[20] Rec. Doc. 48, pp. 19-20, ¶¶ 91-95.
47362

sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory."[21] Given the plethora of federal and state statutes which may serve as a basis for SGS's claims for fraud, intentional misrepresentation, and civil conspiracy, the Court finds that SGS has failed to specify the cognizable legal theories under which it seeks relief, hence dismissal is appropriate.

Additionally, regarding SGS's alleged claim for Fraud, under Rule 9(b), a heightened pleading requirement exists for fraud claims such that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[22] Thus, a claim of fraud cannot be based on mere "speculation and conclusory allegations,"[23] and the Fifth Circuit strictly interprets the requirements for pleading fraud.[24] The Eastern District in *Becnel v. St. Charles Parrish Sheriff's Office* held, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."[25] Here, SGS may not amend its claims for fraud, intentional misrepresentation, and civil conspiracy against both C. Carroll and Acura in its *Oppositions* to the respective motions. Given that SGS has asserted a claim for fraud, but has failed to specify with particularity the specific fraud statute which it argues entitles it to relief, the Court must grant the 12(b)(6) motions on this issue.

---

[21] *Residents Against Flooding v. Reinvestment Zone Number Seventeen, City of Houston, Texas*, 260 F.Supp.3d 738, 756 (S.D. Tex. May 9, 2017)(citing *Kjelvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994)(citing *Garret v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991))).
[22] Fed. R. Civ. P. 9(b).
[23] *U.S. ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 385 (5th Cir. 2003).
[24] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009), *cert. denied*, 558 U.S. 873, 130 S.Ct. 199, 175 L.Ed.2d 125 (2009).
[25] *Becnel v. St. Charles Par. Sheriff's Office*, No. 15-1011, 2015 WL 5665060, at *1 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases)).
47362

Accordingly, C. Carroll's and Acura's 12(b)(6) *Motions to Dismiss* SGS's claims for fraud, intentional misrepresentation, and civil conspiracy are granted.

### C. SGS's Claims For Indemnity Under Louisiana Law for Negligence and Negligent Misrepresentation

SGS asserts a claim for negligent misrepresentation against C. Carroll and Acura.[26] SGS pleads that "it is entitled to indemnification, by way of an award of compensatory damages sufficient to remedy all losses caused by the negligent misrepresentations of [C. Carroll and Acura]."[27] SGS also asserts that "Acura of Baton Rouge acted unreasonably and negligently in failing to utilize the most recent forms provided to it by AHFC."[28] SGS claims that it is "entitled to indemnification, by way of an award of compensatory damages sufficient to remedy all losses caused by the negligence of Acura of Baton Rouge."[29]

In its *Opposition* to Acura's *Motion to Dismiss*,[30] SGS concedes it lacks a viable indemnity claim.[31] However, SGS attempts to save its third party claims for negligence and negligent misrepresentation by arguing that they are not indemnity claims but are independent state law claims. The argument is unintelligible. No matter the label of the Third Party claim, SGS seeks judgment over and against the Third Party Defendants, C. Carroll and Acura. As stated in the Court's previous *Ruling*, "[t]he Court's research did not yield any relevant jurisprudence from the Fifth Circuit Court of Appeals regarding TCPA liability. Accordingly, the Court will consult jurisprudence from other Courts of

---

[26] Rec. Doc. 48, p. 20, ¶¶ 96-99.
[27] *Id.* at p. 20, ¶ 99.
[28] *Id.* at p. 21, ¶ 101.
[29] *Id.* at ¶ 103.
[30] Rec. Doc. 60-1.
[31] Rec. Doc. 64, p. 2, n. 3.
47362

Appeal."[32]  In *Kim v. Cellco Partnership*,[33] a district court case from the Northern District of Indiana, the court held that Verizon, the defendant alleged to have violated the TCPA, could not assert a state law negligence claim against the third party plaintiff.  The *Kim* court relied on the Seventh Circuit Court of Appeal's decision in *Donovan v. Robbins*,[34] wherein the Seventh Circuit held "where contribution is sought by one who has to pay damages for violating a federal statue, the scope and limitations of the right of contribution are invariably treated as questions of federal rather than state law."[35]  After consulting the TCPA, the *Kim* court concluded that "the TCPA does not create an affirmative cause of action for contribution or indemnification; federal common law does not recognize such a cause of action, and Verizon has not claimed that it had an agreement with [the third party defendant] specifically regarding the sharing of liability."[36]

Here, SGS, a Third-Party Plaintiff, claims that it is entitled to compensatory damages because of alleged violations of the TCPA.  The TCPA is a federal statute and any indemnity or contribution claim arising from a violation of federal law is defined by federal, not state law.  Given that the TCPA itself does not explicitly or implicitly create a claim for contribution or indemnification, and that common law does not recognize SGS's claim for indemnification,[37] SGS is not entitled as a matter of law to claim compensatory

---

[32] Rec. Doc. 40, p. 4, n. 26.
[33] 14cv00312, 2016 WL 871256 at *2 (N.D. Ind. Jan. 29, 2016).
[34] 752 F.2d 1170, 1179 (7th Cir. 1985).
[35] *Id.*
[36] *Kim*, 2016 WL 871256 at *2.
[37] SGS relies on the Eleventh Circuit's decision in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1258-60 (11th Cir. 2014) for its contention that it may assert state law claims of negligence and negligent misrepresentation against C. Carroll and Acura.  Contrary to SGS's assertions, the Eleventh Circuit did not examine the question of whether a defendant in a TCPA action may assert a Third-Party indemnity complaint against the parties who provided the improper phone number.  The Third-Party Defendant in *Osorio* did not assert that the TCPA as a matter of law prevented a claim for indemnity, nor is there any
47362

damages from C. Carroll and Acura.  SGS also fails to allege that either C. Carroll or SGS had a specific agreement regarding the sharing of liability.  Accordingly, C. Carroll's and Acura's *Motions to Dismiss* SGS's claims for negligence and negligent misrepresentation under Louisiana law are granted.

## III. CONCLUSION

For the above stated reasons, C. Carroll and Acura's *Motions to Dismiss* are hereby GRANTED.[38]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 21, 2018</u>.

                                 */s/ Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

language in the *Osorio* decision to suggest that State Farm asserted an indemnity claim.  Accordingly, the Court finds the Eleventh Circuit's decision in *Osorio* distinguishable from the present case.
[38] Rec. Docs. 52 and 60.
47362