**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TAYLOR CARROLL, individually
and on behalf of all others
similarly situated                                    CIVIL ACTION

VERSUS                                                16-537-SDD-RLB

SGS AUTOMOTIVE SERVICES, INC.

## RULING

This matter is before the Court on the *Motion for Temporary Stay Pending Resolution of FCC Proceedings*[1] filed by Defendant, SGS Automotive Services, Inc. ("SGS"). Plaintiff Taylor Carroll ("Carroll") has filed an *Opposition,*[2] to which SGS filed a *Reply.*[3] For the following reasons, the Defendant's *Motion* shall be denied.

**I.     PROCEDURAL BACKGROUND**[4]

In 2016, Carroll filed suit individually and on behalf of similarly situated individuals, alleging that SGS violated the Telephone Consumer Protection Act (TCPA) when it sent pre-recorded calls to his cell phone without his consent. With discovery now complete and a proposed class not yet certified, SGS contends that a stay is necessary because Carroll's *Third Amended Complaint* "raises several issues that are currently awaiting interpretation and/or potential rulemaking by the Federal Communications Commission which would directly affect this Court's consideration of certification of any class and be dispositive of Carroll's claims on the merits."[5] Carroll disagrees, arguing that 1) the FCC's

---

[1] Rec. Doc. No. 93.
[2] Rec. Doc. No. 100.
[3] Rec. Doc. No. 103.
[4] For a full factual discussion of the case, *see* the Court's *Ruling* at Rec. Doc. 40.
[5] Rec. Doc. 93-1, p. 1.
50880

pending rulemaking would not address an issue that is necessary to decide the case; 2) this Court has already ruled on the issue that SGS contends is disputed; and 3) the stay is unreasonable because it would be of unlimited duration.

II. LAW

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[6] This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[7] When determining whether to exercise its discretion to stay proceedings, relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy.

When a stay is sought pending the outcome of a regulatory matter, the court "must weigh the benefits of obtaining the agency's aid against the need to resolve the litigation expeditiously."[8] The ultimate question is "whether a case raises issues of fact not within the conventional experience of judges, but within the purview of an agency's responsibilities."[9] "The advisability of invoking primary jurisdiction is greatest when the issue is already before the agency."[10] The expected duration of the stay is also relevant. "Before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution . . . 'stay orders will be reversed

---

[6] *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936).
[7] *Id.* at 254–55.
[8] *Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir. 1988).
[9] *Pharm. Research & Mfrs. of America v. Walsh*, 538 U.S. 644, 673 (2003).
[10] *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 420 (5th Cir.1976).
50880

when they are found to be immoderate or of an indefinite duration.'"[11]

### III. ANALYSIS

After reviewing the parties' *Memoranda* on the instant *Motion*, the Court finds that the question of a stay in this matter has two facets: first, is a stay necessary? And second, is a stay reasonable under the circumstances? Arguing for the necessity of a stay, SGS contends that this Court should aim to "avoid judicial uncertainty"[12] by invoking the primary jurisdiction doctrine, under which courts can elect to abstain from ruling on a matter that is within the exclusive original jurisdiction of a governmental agency or a matter that would benefit from the agency's superior expertise. "Without a stay," SGS argues, "this Court runs the risk of issuing a decision that can be immediately overridden by the FCC and perhaps, depending on the circumstances, result in prejudice to class members."[13] Specifically, SGS fears that this Court would certify a class based on one definition of consent to receive calls, only to be faced with an FCC ruling that would "result in a need to reconsider any certification of a class and/or reconstitute and re-notice a class."[14] In SGS's view, that process would be costly, confusing, and possibly prejudicial to potential class members.

By contrast, Carroll argues that "there is little benefit to awaiting the FCC's determination, as the issues before it are neither present in this case nor outside the Court's competence."[15] Because the putative class definition is limited to "[a]ll persons or

---

[11] *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545 (5th Cir.1983).
[12] Rec. Doc. No. 93-1, p. 11.
[13] Rec. Doc. No. 93-1, p. 11.
[14] Rec. Doc. No. 93-1, p. 11.
[15] Rec. Doc. No. 100, p. 8.
50880

entities in the United States who received an artificial or prerecorded message"[16] during a specified timeframe, the FCC's adjudication of various issues, including an interpretation of what constitutes an automatic telephone dialing system or what constitutes an advertising or dual purpose call, "is neither an issue in this case nor does SGS explain how it would be outside the Court's own common sense or conventional knowledge."[17] In fact, Carroll notes, this Court has already made a finding, in its denial of SGS's *Motion for Summary Judgment*, that the robocalls received by Carroll had a dual purpose of customer service and solicitation.[18]

The Court finds that SGS's argument that a stay is necessary is speculative. It presumes that: a) the FCC will rule on the issues raised in its Petition at all; b) the FCC's ruling will have problematic implications for the class certification process in this Court; and c) any FCC action will come in a timely manner, such that a stay would not unduly prejudice the progress of this litigation. The delays inherent in agency action and the rule-making process bear upon the reasonableness of a stay. Although SGS claims that "the FCC appears prepared to soon provide clear guidance,"[19] Carroll points out that "the process can take, and previously has taken, years,"[20] citing a number of cases where district courts declined to issue a stay because of the indefinite, and often slow, nature of the FCC rulemaking process. In any event, because of the realities of this Court's docket, nearly five months have already elapsed since SGS filed the instant *Motion*. If the FCC does indeed provide a relevant ruling "soon," there is no reason why the class certification

---

[16] Rec. Doc. No. 100, p. 3.
[17] Rec. Doc. No. 100, p, 7.
[18] See Rec. Doc. No. 40, p. 7.
[19] Rec. Doc. No. 93-1, p. 13.
[20] Rec. Doc. No. 100, p. 8.
50880

process cannot respond to that new guidance.

## IV. CONCLUSION

For the above reasons, SGS's *Motion for Temporary Stay Pending Resolution of FCC Proceedings*[21] shall be DENIED. This matter is hereby referred back to the Magistrate Judge to set necessary deadlines.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 9, 2019.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. No. 93.

50880