UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TAYLOR CARROLL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>                    Plaintiff,<br><br>VERSUS<br><br>SGS AUTOMOTIVE SERVICES, INC.,<br>                    Defendant. | * CIVIL ACTION NO. 3:16-cv-00537-<br>* SDD-RLB<br>*<br>*<br>*<br>* JUDGE SHELLY D. DICK<br>*<br>*<br>*<br>* MAGISTRATE RICHARD L.<br>* BOURGEOIS, JR. |

*********************************************

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
*DAUBERT* MOTION TO EXCLUDE CLASS EXPERT**

**INTRODUCTION**

In opposition to SGS North America, Inc.'s ("SGS") motion to strike the expert report and testimony of Ana Verkhovskaya, Taylor Carroll asserts that "the majority of class members… can be identified by simple filtering and sorting" using SGS call records and AHFC customer files. [Doc. 142, p. 2]. The problem for Carroll is that he and many thousands of other class members <u>cannot</u> be identified based on SGS or AHFC records. Carroll's argument is based on the amended class definition proposed on October 11, 2019, which, for the first time, focuses on telephone numbers provided to AHFC in credit applications. [Doc. 121]. In contrast, Verkhovskaya's methodology and opinions were based on the class definition set forth in the Third Amended Class Action Complaint filed on September 4, 2018. [Verkhovskaya report, Doc. 126-2, pp. 15-16].

At this point, Verkhovskaya has identified one class member: Carroll. The only AHFC credit application Verkhovskaya has reviewed is the one completed by Carroll's wife. Since there is no reference to Carroll in his wife's credit application or in the SGS call records, Verkhovskaya was only able to associate Carroll with the calls made by SGS through a reverse-append search utilizing the LexisNexis database. In the event, and <u>after</u>, the Court might certify the class then

Verkhovskaya proposes to provide the numbers called by SGS to LexisNexis to try to ascertain hundreds of thousands of other class members. The admissibility of Verkhovskaya's testimony is therefore contingent on the reliability of LexisNexis.

I.      **Verkhovskaya's Misrepresentations Disqualify Her.**

On September 6, 2019, in a federal court proceeding in Florida, Verkhovskaya represented that this Court and six other federal district courts "approved" of her "use of IMS data as a reliable means of identifying calls made to wireless telephone numbers." [Doc. 126-13, ¶ 44]. That claim is plainly false. Neither Carroll or Verkhovskaya offer any facts to support her assertion regarding "approval" by any court.

To defend the indefensible, Carroll argues that Verkhovskaya made no misrepresentation because "her methodologies had not been challenged or rejected and, therefore, implicitly accepted" by this Court and others. At the time Verkhovskaya made the misrepresentation, this Court had not been called upon to make any assessment of Verkhovskaya's methodology. The notion that this Court had "implicitly approved" Verkhovskaya's use of IMS data is, in itself, an untrue statement.

Carroll asserts that the hearsay rule precludes the Court from considering Verkhovskaya's prior deposition testimony and expert reports. But he misstates the law in the context of a *Daubert* evaluation. "Rule 104(a) permits a trial judge to consider hearsay evidence in assessing an expert's reliability." *Blue Cross & Blue Shield of N.J., Inc. v. Phillip Morris, Inc.*, 141 F. Supp. 2d 320, 325 (E.D.N.Y. 2001); *Sheppard v. Michelin Tire Corp.*, 6 F. Supp. 2d 1307, 1308 (N.D. Ala. 1997) ("Pursuant to Rule 104(a), F.R.E., the court received relevant information that would be hearsay but for the relaxed rules for admission under pre-file consideration.").

**II.     Verkhovskaya Is Neither A Data Analysis/Class Member Identification Expert Nor Has She Performed "Any Expert Analysis".**

Verkhovskaya's claimed expertise in class action data analysis and the identification of class members does not arise from or relate to her education as a nurse. She has no objective hallmark of expertise such as accreditation, licensure, involvement in a professional association for her purported specialty, or publishing in her field. Carroll's opposition fails to provide any specifics concerning the nature of the technical skills or knowledge Verkhovskaya allegedly possesses. Instead, Carroll argues that Verkhovskaya is an expert because she has been permitted to testify as an expert in other cases. However, "[t]estfying as an expert does not automatically qualify [an] individual as an expert." *McCarthy v. Abromavich*, 1992 U.S. App. Lexis 15008 (4th Cir. 1992), citing *Thomas J. Kline, Inc. v. Lorillard, Inc*., 878 F.2d 791, 800 (4th Cir. 1989) ("It would be absurd to conclude that one can become an expert simply by accumulating experience in testifying.").

The prior cases in which Verkhovskaya's "expertise" has been accepted are unpersuasive. Two of the cases, *Youngman v. A&B Ins. & Fin., Inc*., 218 U.S. Dist. Lexis 65271 (M.D. Fl. Mar. 22, 2018) and *Parker v. Universal Pictures*, 2019 U.S. Dist. Lexis 59806 (M.D. Fl. Feb. 28, 2019) involved unopposed motions for preliminary approval of class action settlements. In *Krakauer v. Dish Network, L.L.C*., 2015 U.S. Dist. Lexis 118858, * 14 (M.D.N.C. Sept. 8, 2015), *Dish* did not challenge Verkhovskaya's qualifications or "seriously dispute" that third party databases are reliable and accurate. In two other cases relied upon by Carroll, *Shamblin v. Obama*, 2015 U.S. Dist. Lexis 54849 (M.D. Fla. April 27, 2015), and *Reyes v. BCA Fin. Servs*., 2018 U.S. Dist. Lexis 106449 (S.D. Fla. June 26, 2018), the courts simply accepted Verkhovskaya's ipse dixit that Verkhovskaya's former employer had "independently verified" the reliability of the LexisNexis database. The *Shamblin* and *Reyes* courts appeared to have been unaware of Verkhovskaya's

testimony that the "independent verification" of a LexisNexis database was based on "testing" that was neither scientific nor statistically valid. [Doc. 126-8, p. 4].

Carroll's opposition fails to identify any "expert analysis" performed thus far by Verkhovskaya. Her staff has performed some routine filtering of the SGS call logs utilizing SQL, a programming code. [Doc. 126-2, ¶¶ 30-32]. Verkhovskaya lacks the technical skills to utilize SQL. As Verkhovskaya had testified in 2018, "I don't have any skills to access, or manipulate or do any work in the [SQL] database." [Doc. 126-12, p. 2].

The "expert analysis" by Verkhovskaya has resulted in the identification of one class member – Taylor Carroll. Identification of the remaining class members would be dependent upon the reverse-append searches Verkhovskaya proposes to have LexisNexis perform. Carroll fails to offer a cogent explanation of why a technical knowledge or expertise is required to compare the names produced by LexisNexis with names in the SGS call logs.

### III. Verkhovskaya Can Provide No Objective Evidence Concerning The Reliability Of Third Party Databases.

As the proponent of Verkhovskaya's testimony, Carroll must prove by a preponderance of the evidence that LexisNexis offers a reliable means of identifying the user or subscriber associated with the telephone number on the date SGS called that number. In *Tanner v. Westbrook*, 174 F.3d 542, 547 (5th Cir. 1999), according to *Daubert*, "the expert's method should show an objective standard against which the court can measure the accuracy of Plaintiff's contentions." *Fedelich v. Am. Airlines*, 724 F. Supp. 2d 274, 280 (D.P.R. 2010), citing *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999). Here, Verkhovskaya's conclusory assurances regarding the reliability of reverse-append searches performed through LexisNexis is not supported by or based on any objective data.

It is not as if the reliability of LexisNexis is untestable. Carroll's opposition offers no explanation as to why it would not have been feasible to perform the reverse-append searches through LexisNexis prior to class certification. Indeed, a test sampling of 200 phone numbers performed by SGS's expert shows both that testing can be done and that the LexisNexis methodology proposed by Verkhovskaya is unreliable.

According to Carroll, the LexisNexis disclaimer of the accuracy of its own database is immaterial because other services, including Westlaw, also have a disclaimer. That those services are similarly not reliable for the use proposed here does not help Carroll's argument. Also, Carroll misses three key points about the disclaimer. First, prior to her deposition in this case, Verkhovskaya often denied that the disclaimer applied to the "product" LexisNexis makes available to her. [See Doc. 126-15, pp. 4-5]. Second, in contrast to the Westlaw disclaimer, the LexisNexis disclaimer states that its data should be "independently verified" before being relied upon. [Doc. 126-1, p. 12]. There has been no independent verification of LexisNexis data in this matter. Finally, just months ago, LexisNexis representatives filed declarations in *Hunter v. Time Warner Cable, Inc.*, 15-cv-6445, 2019 U.S. Dist. Lexis 137495 (S.D. N.Y. August 14, 2019) attesting to the fact that the LexisNexis database is unreliable precisely for the purpose Verkhovskaya proposes to use it in this case.

Respectfully submitted this 20th day of November, 2019.

                MCGLINCHEY STAFFORD, PLLC

                */s/ Daniel T. Plunkett*
                DANIEL T. PLUNKETT (#21822)
                601 Poydras Street, Suite 1200
                New Orleans, LA 70130
                Telephone: (504) 586-1200
                Facsimile: (504) 596-2800
                Email: dplunkett@mcglinchey.com

and

C. KIEFFER PETREE (# 31206)
301 Main Street, Suite 1400
Baton Rouge, LA 70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
Email: cpetree@mcglinchey.com

*Attorney for SGS North America Inc., improperly named as SGS Automotive Services, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2019, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.

/s/Daniel T. Plunkett
DANIEL T. PLUNKETT