**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TAYLOR CARROLL                                             CIVIL ACTION

VERSUS                                                     16-537-SDD-RLB

SGS NORTH AMERICA, INC.

## RULING

This matter is before the Court on the *Motion to Strike Plaintiff's Second Motion for Class Certification*[1] filed by Defendant, SGS North America, Inc. ("SGS"). Plaintiff, Taylor Carroll ("Carroll"), filed an *Opposition*[2] to the motion. For the following reasons, SGS's motion will be DENIED.

## I.     PROCEDURAL BACKGROUND

In 2016, Carroll filed suit individually and on behalf of similarly situated individuals, alleging that SGS violated the Telephone Consumer Protection Act (TCPA) when it sent pre-recorded calls to his cell phone without his consent. On October 11, 2019, Carroll filed his *Motion to Certify Class*, which set forth a definition for a "Pre-Recorded Message Class" as well as a "joint/alternative class" that Carroll called the "Cell Phone Class."[3] On the same day, Carroll also filed a *Motion to Amend Class Definition*, which sought the Court's leave to amend the class definition in light of the fact that the proposed class set forth in the *Motion to Certify Class* differed from the proposed class set forth in the *Third Amended Complaint*. Then, also on October 19, 2019, Carroll filed a *Motion to Clarify*

---

[1] Rec. Doc. No. 188.
[2] Rec. Doc. No. 197.
[3] Rec. Doc. No. 119, p. 1.
58999

*Class Definition,*[4] which retracts the changes to the class definition proposed in his prior *Motion to Amend.*

Recognizing that there were then three sets of proposed class definitions in play – 1) the definitions from the *Third Amended Complaint*; 2) the definitions from the *Motion to Certify Class and Motion to Amend*; and 3) the definitions set forth in the *Motion to Clarify* – this Court ordered Carroll to file a new *Motion to Certify Class.*[5] He did so on January 6, 2020.[6] SGS now urges the Court to strike that *Motion*, for reasons discussed below. Despite the pendency of this *Motion to Strike*, SGS filed its *Opposition to the Motion to Certify Class*[7] on February 5th, 2020. In the eyes of the Court, SGS filing its opposition tends to moot the issues raised in the instant motion, but the Court will address them nevertheless before class certification briefing continues.

## II.    LAW AND ANALYSIS

SGS's *Motion to Strike* posits that Carroll's *Motion for Class Certification* (which he filed upon order of this Court) should be stricken because it proposes a different definition than the one previously set forth in the *Third Amended Complaint*, and that this amendment runs afoul of Federal Rules of Civil Procedure 15 and 16, which govern the amendment of pleadings. SGS claims that it is simply

> asking the Court to do what other courts have consistently done – hold that the class definition asserted in the Complaint – here the Governing Class Definition in the *Third Amended Complaint* – is controlling absent an affirmative showing of good cause to amend, including the absence of undue delay and unfair prejudice to the defendant.[8]

---

[4] Rec. Doc. No. 147.
[5] Rec. Doc. No. 166.
[6] Rec. Doc. No. 180.
[7] Rec. Doc. No. 196.
[8] Rec. Doc. No. 188-1, p. 2.
58999

After citing three cases where courts did just that, SGS admits in a footnote that "[t]o be sure, there are cases in which courts *have* allowed modification of a class definition during class certification briefing."[9] In the eyes of SGS, however, this Court should not follow those cases, because Carroll's proposed amendment to the class definition is "not minor, will require new discovery, and will result in severe prejudice to SGS."[10]

What, exactly, is the nature of the allegedly "severe prejudice"? SGS's argument boils down to this: earlier iterations of the class definition were predicated on a particular method of ascertaining potential class members developed by Carroll's expert witness, Anya Verkhovskaya ("Verkhovskya"). In short, Verkhovskaya purported that she could "ascertain class membership by using a third party database to identify the user associated with each phone number [in SGS's call logs]."[11] SGS questioned this methodology during discovery and, in its own view, "has shown that the [methodology], and Verkhovskaya herself, are entirely unreliable."[12] The Daubert motion regarding Verkhovskaya is still pending before this Court.

Carroll's new proposed class definition in his *Motion to Certify Class* eliminates the reliance on Verkhovskaya's metholodogy to identify class members, contending now that "membership in the [class] can be ascertained from SGS's own records."[13] Verkhovskaya's metholodogy is not completely absent from Carroll's *Motion*, however; Carroll notes that her analysis is available to "provide[] additional layers of corroboration,

---

[9] *Id.* (emphasis added).
[10] *Id.* at n. 3.
[11] *Id.* at p. 6.
[12] Rec. Doc. No. 188-1, p. 5.
[13] Rec. Doc. No. 180-1, p. 23.
58999

if the Court deems it necessary."[14] Per SGS, the fact that the new class definition is no longer reliant on Verkhovskaya's metholodogy is what gives rise to the "severe prejudice"; having "expended considerable legal fees and expert expenses to attack [her] approach to class ascertainment," SGS complains, "Carroll represents to the Court that [her] opinions and methodology are superfluous."[15]

The Court fails to see how amending the class definition in this way causes severe prejudice to SGS. If Verkhovskaya's methodology is as unreliable as SGS contends, the proposed class definition moving away from reliance on that methodology is arguably exactly what SGS sought by challenging the reliability of her methodology. Overall, Carroll's amendment strikes the Court as relatively minor: instead of having Verkhovskaya ascertain class members based on cross-referencing SGS's records with a database, Carroll now proposes using the records themselves (and offers her analysis as corroboration). Whether this amendment has a negative effect on the ascertainability of class members is an issue to be addressed in class certification briefing. Further delay would not cure the alleged prejudice.

In *West v. Nissan N. Am., Inc.,*[16] one of the cases cited by SGS for the proposition that the plaintiff is bound to the class definition in the complaint, the class definition in the complaint was limited to 2004 – 2006 model year Nissan vehicles, and the motion to certify class expanded the definition to include 2004 – 2008 model years. Obviously, this had the effect of expanding – doubling – the potential size of the class. Carroll's decision

---

[14] Rec. Doc. No. 188-1, p. 6.
[15] *Id.* at p. 7.
[16] No. 4:13-CV-4070, 2014 WL 825217 at *1 (W.D. Ark. Mar. 4, 2014).

58999

to rely on SGS's records instead of an expert analysis of those records seems unlikely to cause such a drastic change in the potential class. To the extent that SGS has substantive objections to the ascertainability of the class under that new proposed definition, those objections are addressed in SGS's recently-filed *Opposition* to the *Motion to Certify Class*. But Carroll reducing his reliance on the expert witness that SGS, as it complains, spent time and money to discredit, does not give rise to forward-looking prejudice against SGS. By SGS's admission, courts[17] have allowed amendment via the class certification motion where the amendment is not unduly prejudicial. Accordingly, SGS's *Motion to Strike*[18] shall be DENIED.

## III.    CONCLUSION

For the reasons stated above, SGS's *Motion to Strike Plaintiff's Second Motion for Class Certification*[19] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 18, 2020.


_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] See, *e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010).
[18] Rec. Doc. No. 188.
[19] Rec. Doc. No. 188.
58999