# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TAYLOR CARROLL, individually
and on behalf of all others
similarly situated                                      CIVIL ACTION

VERSUS                                                       16-537-SDD-RLB

SGS AUTOMOTIVE SERVICES, INC.

## **RULING**

This matter is before the Court on the *Motion to Exclude And/or Strike Affidavit of Aaron Woolfson*[1] filed by Plaintiff, Taylor Carroll ("Carroll"). Defendant, SGS Automotive Services, Inc. ("SGS") filed an *Opposition,*[2] to which Carroll filed a *Reply.*[3] For the following reasons, Carroll's *Motion* shall be GRANTED.

In 2016, Carroll filed suit individually and on behalf of similarly situated individuals, alleging that SGS violated the Telephone Consumer Protection Act (TCPA) when it sent pre-recorded calls to his cell phone without his consent. Carroll's *Motion to Certify Class*[4] is pending before this Court, along with a number of other substantive motions filed by SGS. The scope of the instant *Motion* is narrow. Carroll asks this Court to strike an affidavit that SGS filed as an exhibit to its *Daubert Motion to Exclude Class Expert,*[5] which in turn seeks to strike the expert report and testimony of Carroll's expert, Anya Verkhovskaya. The *Affidavit of Aaron Woolfson*[6] contains opinions and analysis based

---

[1] Rec. Doc. No. 143.
[2] Rec. Doc. No. 162.
[3] Rec. Doc. No. 184.
[4] Rec. Doc. No. 119.
[5] Rec. Doc. No. 126.
[6] Rec. Doc. No. 126-3.
62568

on the "call log files" used by Verkhovskaya to purportedly identify putative class members who received calls from SGS. Specifically, Woolfson attests that he tested phone numbers from Verkhovskaya's list against the LexisNexis database and concludes that Verkhovskaya made multiple errors and that, overall, her "report does not demonstrate that she could successfully use a reverse lookup to reliably identify the putative class members."[7]

> According to Carroll, the *Affidavit* should be stricken for the following reasons:
>
> it lacks any proof of Woolfson's knowledge, skill, experience, training, or education to allow the Court to assess whether he is qualified to offer any expert opinion; Woolfson's deposition testimony directly contradicts the conclusory statements and unfounded analysis found in the *Affidavit*, establishing a glaring lack of relevancy and reliability; the *Affidavit* is untimely, as it contains new analysis and conclusions disclosed for the first time months after the Court's deadline for expert report disclosures; and Woolfson cites and references multiple documents, exhibits, and appendices in his *Affidavit* that are not produced, further questioning the reliability and relevancy of his testimony.[8]

Per SGS, it is irrelevant that the *Affidavit* does not set forth Woolfson's qualifications and experience, because that information is contained in Woolfson's expert report, which was issued on May 24, 2019 and previously produced to Carroll.[9] After arguing that Woolfson is clearly qualified as an expert, SGS avers that it "is not proffering Woolfson to testify as an 'expert' on the LexisNexis data."[10] Ultimately, SGS's argument against the motion to strike is essentially that "the routine sequence of expert discovery was reversed in this case to allow for Verkhovskaya's ongoing medical treatment,"[11] and Carroll should not

---

[7] *Id.* at p. 8.
[8] Rec. Doc. No. 143-1, p. 1-2.
[9] Although SGS directs the Court to its Exhibit 2 for a copy of Woolfson's expert report, no such Exhibit exists.
[10] Rec. Doc. No. 162, p. 6.
[11] *Id.* at p. 3.

complain about the results of that accommodation, namely, that Woolfson was not able to analyze Verkhovskaya's data until *after* he had already been deposed. In SGS's view, the *Affidavit of Aaron Woolfson* is a harmless attempt to correct for that procedural abnormality. Carroll counters that SGS agreed to the timing of expert discovery and cannot now claim to be prejudiced by it.[12]

After reviewing the parties' briefs and the applicable law, the Court agrees with Carroll. Although SGS is somewhat coy about whether the *Affidavit* in question is offered as expert testimony, there is no question that Woolfson was retained by SGS as an expert and that he prepared an expert report. The Court finds that the *Affidavit of Aaron Woolfson* is, essentially, a supplemental expert report. Federal Rule of Civil Procedure 26(c)(2)(B) requires expert disclosures to be accompanied by a written report containing, among other requirements, (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them. Per the Court's *Order*, the deadline for expert reports was May 24, 2019[13] and all discovery from experts was to be completed by October 1, 2019.[14] Therefore, producing the *Affidavit* for the first time by attaching it as an exhibit to a *Motion* filed on October 25, 2019 was not timely. SGS admits as much where it cites *City of Oversboro v. KY. Utils. Co*[15] for the proposition that "[e]ven if untimely, affidavit of expert on reliability of opposing expert's opinion will be considered for *Daubert* purposes."[16]

---

[12] Rec. Doc. No. 184, p. 2.
[13] Rec. Doc. No. 107.
[14] Rec. Doc. No. 109.
[15] No. CIV.A.4:04CV-87-M, 2008 WL 4542706 (W.D. Ky. Oct. 8, 2008).
[16] Rec. Doc. No. 162, p. 7.

Fed. R. Civ. P. 37(c)(1) provides that, if a party has failed to timely disclose a supplemental expert report, the party will not be able to use it "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." SGS claims to be justified by the prejudicial timing of expert discovery related to Verkhovskaya's medical treatment and delayed deposition. It is true that Verkhovskaya's deposition was not taken until October 1, 2019 and that therefore, Woolfson's supplemental affidavit is based on information that was not available prior to the deadline for expert disclosures.[17] But SGS did not oppose the extension of deadlines to allow her deposition to be taken later.[18] And the Court cannot conclude that allowing the *Affidavit of Aaron Woolfson* to remain in the record as an exhibit to the *Daubert* motion is harmless. Since Woolfson's expert report is not before the Court (apart from a few excerpts in SGS's *Opposition* to the instant motion), his *Affidavit* will be of limited utility. Overall, the Court, in its "broad" discretion to strike expert testimony under FRCP 37,[19] concludes that Carroll's *Motion to Strike* shall be granted.

---

[17] Courts generally reject "untimely supplemental expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures." *Lampe Berger USA, Inc. v. Scentier, Inc.,* No. 04–354, 2008 WL 3386716, *2 (M.D.La. Aug. 8, 2008).
[18] See Rec. Doc. No. 108.
[19] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546 (5th Cir. 1996)("The district court's discretion in such matters has been described as "broad"").
62568

**CONCLUSION**

For the above reasons, Carroll's *Motion to Exclude And/or Strike Affidavit of Aaron Woolfson*[20] shall be GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 28, 2020.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 143.

62568