# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TAYLOR CARROLL

VERSUS

SGS AUTOMOTIVE SERVICES, INC.

CIVIL ACTION

16-537-SDD-RLB

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment and Alternative Motion for Reconsideration of Findings Contained in September 21, 2017 Order*[1] filed by Defendant, SGS Automotive Services, Inc. ("SGS"). Plaintiff Taylor Carroll ("Carroll") filed an *Opposition*,[2] to which SGS filed a *Reply*.[3] For the reasons that follow, the Court finds that SGS's *Motion*[4] shall be GRANTED in part.

The Court presumes familiarity with the facts of the case based on its previous *Rulings* in this matter. Here, SGS seeks partial summary judgment, or in the alternative, reconsideration, on the question of whether the calls from SGS to Carroll were "telemarketing" or "dual purpose" in nature under the Telephone Consumer Protection Act (TCPA). In the Defendant's view, "the calls to Carroll were neither."[5] The problem, as SGS sees it, is that this Court jumped the gun by erroneously concluding that the calls were "dual purpose" in a prior *Ruling*.[6] SGS submits that the Court erred in making this finding because there was "no affirmative motion seeking a finding on whether the

---

[1] Rec. Doc. No. 117.
[2] Rec. Doc. No. 130.
[3] Rec. Doc. No. 141.
[4] Rec. Doc. No. 117.
[5] Rec. Doc. No. 117-1, p. 7.
[6] *Ruling*, Rec. Doc. No. 40.
63971

communications in this case had the additional purpose of marketing vehicles, no pleading allegation to that effect, no evidence from the movant SGS, and no prior notice from the Court of its intent to address that question."[7]  In its September 21, 2017 *Ruling*[8] on the *Motion for Summary Judgment*[9] filed by SGS, this Court stated the following: "Based on the evidence contained in the record and the relevant jurisprudence, the Court finds that the purpose for the phone calls was dual – customer service and to solicit future sales and revenues."[10] SGS urges the Court to vacate this finding, noting that "the law of the case doctrine is not a barrier to reconsideration to correct a judicial error."[11]

After reviewing the record, the Court agrees with SGS that its "dual purpose" finding was made "without 'adequate notice' and a full opportunity to present evidence and be heard."[12] Although the Court indicated that its finding was "based on the evidence contained in the record," SGS correctly points out that Carroll "didn't actually amend his complaint to allege the calls had a dual purpose. . .until filing his second and third amended complaints – several months after"[13] the *Motion for Summary Judgment* was filed. Thus, a full opportunity to respond to the "dual purpose" issue was not available until discovery could be conducted. Indeed, SGS now contends that "new evidence obtained in discovery and recent court authority"[14] are now available to inform the "dual purpose" analysis. Accordingly, the Court shall GRANT SGS's *Motion* in part and vacate its

---

[7] *Id.* at p. 5.
[8] Rec. Doc. No. 40.
[9] Rec. Doc. No. 26.
[10] Rec. Doc. No. 40, p. 7.
[11] Rec. Doc. No. 117-1, p. 6.
[12] *Id.* at p. 18 (quoting *C&W Asset Acquisition LLC v. Knox*, 104 Fed.Appx.936, 938 (5th Cir. 2004)).
[13] *Id.* at p. 4.
[14] *Id.* at p. 5.

premature finding that SGS's calls to Carroll were "dual purpose."[15] The *Motion for Partial Summary Judgment* is denied without prejudice to re-urging.

For the reasons stated above, SGS's *Motion for Partial Summary Judgment and Alternative Motion for Reconsideration of Findings Contained in September 21, 2017 Order*[16] is hereby GRANTED in part and DENIED without prejudice in part.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 30, 2020.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. No. 40, p. 7.
[16] Rec. Doc. No. 117.
63971