# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

TAYLOR CARROLL, individually
and on behalf of all others
similarly situated                                                                    CIVIL ACTION

VERSUS                                                                                16-537-SDD-RLB

SGS AUTOMOTIVE SERVICES, INC.

## RULING

This matter is before the Court on the *Motion to Certify Class*[1] filed by Plaintiff, Taylor Carroll ("Carroll"). Defendant, SGS Automotive Services, Inc. ("SGS"), filed an *Opposition*.[2] Carroll then filed a *Reply*,[3] to which SGS filed a *Surreply*.[4] For the reasons that follow, the Court finds that the *Motion to Certify Class*[5] shall be DENIED.[6]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2013, Cindy Carroll, the wife of Plaintiff Taylor Carroll, filled out a credit application to lease an Acura TL at Acura of Baton Rouge.[7] Cindy Carroll provided Taylor Carroll's cell phone number as the telephone number on her application. Taylor

---

[1] Rec. Doc. No. 180.
[2] Rec. Doc. No. 196.
[3] Rec. Doc. No. 205.
[4] Rec. Doc. No. 212.
[5] Rec. Doc. No. 180.
[6] Additionally, Carroll filed a *Motion to Exclude and/or Strike* (Rec. Doc. No. 203) seeking to strike two exhibits from SGS's *Opposition*: the Declaration, Affidavit, and Report of Aaron Woolfson and the Declaration of Keith Phillips. The motion is opposed. The Woolfson materials concern Carroll's expert, Anya Verkhovskaya. Because this Court already held that her expert testimony is not admissible in this matter, Woolfson's attestations are irrelevant to the class certification issue and the *Motion to Strike* is denied as moot as to Woolfson. As to the Declaration of Keith Phillips, the Court agrees with Carroll that the timing and substance of the declaration are questionable, especially insofar as it contradicts earlier sworn testimony by Phillips. Accordingly, Carroll's *Motion to Strike* is granted as to Philips and the Phillips Declaration will not be considered by the Court for purposes of the class certification motion.
[7] *See* Rec. Doc. No. 40.

63951

Carroll alleges that on May 9, 2016, he began receiving phone calls from Defendant, SGS, wherein a recorded message played inviting him to schedule a lease-end inspection on the leased vehicle.[8] Carroll alleges that he received six such calls. Per Carroll, SGS's calls to him and other similarly situated individuals constitute violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, because SGS used an automatic telephone dialing system and an artificial or prerecorded voice to place non-emergency telephone calls to telephone subscribers without their prior express consent.[9]

Carroll filed a putative class action suit in the 23rd Judicial District Court for the Parish of Ascension on July 6, 2016,[10] and SGS properly removed the suit to this Court in August 2016.[11] In the more than four years of litigation that have transpired since, Carroll has proposed at least three multifarious sets of class definitions. In recognition of the need to clarify the proposed class definitions, on December 16, 2019 this Court ordered Carroll to file a new *Motion to Certify Class* setting forth a definitive set of proposed class definitions.[12] He filed the instant *Motion*, which argues that this case is "ideal for class certification"[13] and proposes two classes – a Prerecorded Message Class and a Cell Phone Class – suggesting that the Court could certify one class, or both.

The bulk of the briefing on the instant *Motion* revolves around the ascertainability of potential class members.[14] Per Carroll, potential members in the Prerecorded Message

---

[8] Rec. Doc. No. 79, p. 4.
[9] *Id.* at p. 2.
[10] Rec. Doc. No. 1-1.
[11] Rec. Doc. No. 1.
[12] Rec. Doc. No. 166.
[13] Rec. Doc. No. 180-1, p. 1.
[14] Ascertainability is an "implied requirement" of Federal Rule of Civil Procedure 23, which governs class actions. "[I]n order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable."140 *In re Deepwater Horizon*, 739 F.3d 790, 821 (5th Cir. 2014)(quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.,* 669 F.3d 632, 639 (5th Cir. 2012)).

Class are "readily ascertainable using SGS's own records,"[15] which provide names, numbers, time and date of calls, and other information about lessees. The Cell Phone Class, which requires identification of those numbers called by SGS that were cell phones, not landlines, is, he contends, "readily ascertainable from SGS's own records and use of Anya Verkhovskaya's proven methodology of identifying cellular telephone numbers."[16] In light of the Court's *Ruling* granting SGS's *Daubert* motion concerning Verkhovskaya, her testimony is not available to assist Carroll in meeting his burden on this motion. Thus, the only feasible class in play is the Prerecorded Message Class, which Carroll proposes to define as follows:

> All persons in the United States to whom, between October 16, 2013 and May 17, 2017, SGS North America, Inc. ("SGS") made an artificial or prerecorded telephone message using its dialing system, at a telephone number supplied by American Honda Finance Corporation ("AHFC") to SGS, which was identified as a home number and resulted in Status ID codes on SGS's records of "801 – Left message on answering machine – Home" and/or "1201 – Left message with other – Home," regarding vehicles that were the subject of a vehicle lease signed between the dates of October 1, 2009 and September 30, 2013. Excluded from the class are all judges and court personnel employed by the Court assigned to this matter, and all officers, directors, and employees of Defendant.[17]

SGS disagrees with Carroll that potential members of the Prerecorded Message Class can be ascertained using SGS's call logs. In SGS's view, the call logs only "identify the individuals SGS *intended* to call but not who SGS actually called."[18] In fact, SGS points out, Carroll himself is a perfect example of this circumstance; his name does not appear anywhere in the SGS call logs, since it was his wife Cindy who was the actual lessee. Thus, SGS argues, Carroll's Prerecorded Message Class can hardly be

---

[15] Rec. Doc. No. 180-1, p. 1.
[16] *Id.*
[17] *Id.* at p. 3.
[18] Rec. Doc. No. 196, p. 1 (emphasis added).

63951

ascertainable, given that he himself could not be ascertained using his proposed method. Although the parties raise other issues related to class certification, the briefing largely focuses on the issue of ascertainability.

II. **LAW AND ANALYSIS**

    A. <u>Standards for Class Certification</u>

Class certification is governed by Federal Rule of Civil Procedure 23. Section (a) of Rule 23 requires the party seeking certification to establish the following:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.[19]

Additionally, Rule 23(b)(3) imposes two requirements: (1) "[c]ommon questions must 'predominate over any questions affecting only individual members'"; and (2) "class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'"[20]

The United States Court of Appeals for the Fifth Circuit recently summarized the standards that guide the district court's analysis in the class certification context:

> Where the plaintiff seeks to certify a class under Rule 23(b)(3), the Rules demand a close look at the case before it is accepted as a class action. We have long cautioned that a district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class. Furthermore, the plain text of Rule 23 requires the court to find, not merely assume, the facts favoring class certification. It is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met.[21]

---

[19] Fed. R. Civ. P. 23(a).
[20] *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 615 (1997).
[21] *Cruson v. Jackson Nat'l Life Ins. Co.,* 954 F.3d 240, 253 (5th Cir. 2020)(internal citations and quotations omitted).

It is a matter of clear precedent that, to maintain a class action, the proposed class must be adequately defined and clearly ascertainable by reference to objective criteria.[22] The class definition must be sufficiently definite in that it is administratively feasible for the court to determine whether a particular individual is a member.[23] However, "the court need not know the identity of each class member before certification; ascertainability requires only that the court be able to identify class members at some stage of the proceeding."[24] Therefore, "if the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist."[25]

B. <u>Analysis</u>

After reviewing the record and the applicable law, the Court concludes that Carroll's Prerecorded Message Class is not sufficiently ascertainable to merit class certification. Carroll's contention that the SGS call logs are "inherently reliable"[26] in ascertaining the Class is belied by the facts of his own claim; the SGS call logs associate his cell phone number with his wife, Cindy Carroll. Carroll, who bears the burden of establishing ascertainability, does not demonstrate that his case is an outlier such that the SGS call logs are, in fact, generally reliable for the purpose he proposes. Nor can the Court simply *assume* that the logs are sufficient; the Fifth Circuit has clearly stated that the district court must "'find,' not merely assume, the facts favoring class certification."[27] Based on the facts of Carroll's case, the Court could only *assume* that SGS's call logs

---

[22] *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).
[23] *Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 52-53 (D. Conn. 2004) (citing Wright & Miller, 7A *Federal Practice and Procedure*, § 1760 (2d ed.)).
[24] *Frey v. First Nat. Bank Sw.*, 602 Fed.Appx. 164, 168 (5th Cir. 2015).
[25] *Lee v. Am. Airlines, Inc.*, No. 01-1179, 2002 WL 31230803, at *4 (N.D. Tex. Sept. 30, 2002) (quoting Wright & Miller, 7A *Federal Practice and Procedure*, § 1760 (2d ed.)).
[26] Rec. Doc. No. 180-1, p. 22.
[27] *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (quoting Fed. R. Civ. P. 23(b)(3)).

are sufficient, despite the fact that they do not identify Carroll, the only would-be class member of whom the Court is aware.

It is axiomatic that "[t]here can be no class action if the proposed class is 'amorphous' or 'imprecise.'"[28] Recognizing that, to some extent, the SGS call logs alone are not sufficient, Carroll offers that "analysis by Plaintiff's expert, Anya Verkhovskaya . . . provides additional layers of corroboration, if the Court deems it necessary."[29] That corroboration is not available in light of this Court's ruling on the *Daubert Motion* concerning Verkhovskaya. Plaintiff bears the burden of establishing that the requirements of Rule 23 have been met, and the fact that he himself would not be ascertainable by the method proposed calls into question the ascertainability of the class as a whole.

It is true, as Carroll points out, that other courts have at times found that business records alone were enough to demonstrate ascertainability of class members.[30] But none of the cases he cites present the unique situation of this case, where the putative class representative is not identified by the very business records on which he relies to ascertain other members of the class. Included in the ascertainability inquiry is the question of whether it is "administratively feasible for the court to determine whether a particular individual is a member."[31] Courts generally do not view potential administrative hurdles, in and of themselves, as a reason to deny class certification. But the Court finds that the facts of this case present a defect in class certification that is more existential

---

[28] John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007)(quoting 5 James W. Moore et al., Moore's Federal Practice § 23.21[1], at 23–47 (Matthew Bender 3d ed. 1997)).
[29] Rec. Doc. No. 180-1, p. 23.
[30] *See, e.g., Brown v. DirecTV, LLC*, 330 F.R.D. 260, 273 (C.D. Cal. 2019); *Northrup v. Innovative Health Ins. Partners, LLC,* 329 F.R.D. 443, 451 (M.D. Fla. 2019).
[31] *Sartin v. EKF Diagnostics, Inc.,* No. CV 16-1816, 2016 WL 7450471, at *6 (E.D. La. Dec. 28, 2016).

than merely administrative. The defect in this case strikes at the core of the ascertainability requirement.

The doctrine is crystal clear that Plaintiff bears the burden of proving that Rule 23 is satisfied, and that burden has simply not been carried here. The call logs that Carroll claims are "inherently reliable" may or may not be, generally speaking, but, in the only specific instance before the Court, the records failed to do the one thing he claims they can do – that is, identify the individual called by SGS. A proposed class that consists of "individuals called by SGS based on its call logs, or perhaps individuals who are somehow related to that individual" is exactly the kind of amorphous and imprecise class that does not pass muster under Rule 23.

63951

### III. CONCLUSION

For the reasons stated above, Carroll's *Motion to Certify Class*[32] is hereby **DENIED**. Carroll's *Motion to Exclude and/or Strike*[33] is **granted in part and denied as moot in part**, as described *supra*. The denial of class certification affects two other pending motions, both of which seek dismissal of certain class claims and both of which are hereby **denied as moot**: SGS's *Motion to Dismiss or Strike Nationwide Class Claims*[34] and SGS's *Motion to Dismiss or Strike Class Claims Over Which This Court Would Lack Subject Matter Jurisdiction*.[35]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 30, 2020</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. No. 180.
[33] Rec. Doc. No. 203.
[34] Rec. Doc. No. 113.
[35] Rec. Doc. No. 124.

63951