**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TAYLOR CARROLL

VERSUS

SGS AUTOMOTIVE SERVICES, INC.

CIVIL ACTION

16-537-SDD-RLB

**RULING**

This matter is before the Court on the *Motion to Alter, Amend or Reconsider Ruling on Motion for Class Certification*[1] filed by Plaintiff Taylor Carroll ("Carroll"). Defendant SGS North America, Inc. ("SGS") filed an *Opposition*,[2] to which Carroll filed a *Reply*.[3] For the reasons that follow, the Court finds that Carroll's *Motion*[4] shall be DENIED.

**I.    BACKGROUND**

On November 30, 2020, after circuitous and prolonged briefing that involved multiple amendments to the proposed class definitions, the Court denied Carroll's *Motion to Certify Class*[5] in this Telephone Consumer Protection Act (TCPA) case. The Court concluded that the members of Carroll's proposed class were not sufficiently ascertainable because, after Carroll's expert was excluded, the only means of identifying them was SGS's own call logs, which, in addition to not identifying Carroll himself, were not shown to be sufficiently reliable for that purpose. In light of the Fifth Circuit's pronouncement that the district court presiding over a class certification motion must "'find,' not merely assume, the facts favoring class certification,"[6] the Court declined to

---
[1] Rec. Doc. No. 235.
[2] Rec. Doc. No. 245.
[3] Rec. Doc. No. 250.
[4] Rec. Doc. No. 235.
[5] Rec. Doc. No. 234.
[6] *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (quoting Fed. R. Civ. P. 23(b)(3)).

1

assume that the call logs could reliably identify would-be class members and denied Carroll's motion.

In its *Ruling*, the Court presented the relevant law, in pertinent part, as follows:

> It is a matter of clear precedent that, to maintain a class action, the proposed class must be adequately defined and clearly ascertainable by reference to objective criteria.[7] The class definition must be sufficiently definite in that it is administratively feasible for the court to determine whether a particular individual is a member.[8]

The "administrative feasibility" requirement is the focus of the instant motion for reconsideration. Carroll now contends that the requirement was "incorrectly applied" because administrative feasibility "has not been expressly adopted or discussed by the Fifth Circuit."[9] Notably, Carroll himself presented the administrative feasibility requirement as controlling law in his *Motion for Class Certification*. There, he explained that "[a]scertainability is an implied requirement in Rule 23 that must also be satisfied for any class to be certified. Satisfaction of this requirement is established upon a showing that it is 'administratively feasible for the court to determine whether a particular individual is a member of the proposed class.'"[10] Now, however, Carroll rejects that law and avers that application of the administrative feasibility requirement unfairly subjected him to a "heightened standard" for ascertainability; moreover, he complains that this Court's conclusion that the SGS call logs were insufficient was "manifestly erroneous."[11] SGS highlights this curious change of position in its *Opposition*, arguing that Carroll's *Motion*

---

[7] *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)).
[8] *Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 52-53 (D. Conn. 2004) (citing Wright & Miller, 7A *Federal Practice and Procedure*, § 1760 (2d ed.)).
[9] Rec. Doc. No. 235, p. 1.
[10] Rec. Doc. No. 180, p. 21.
[11] Rec. Doc. No. 235, p. 1.

2

should be denied because "[t]he alleged error by the Court is that it applied the very standard for ascertainability that Carroll asked it to apply."[12]

Carroll also argues, for the first time, that the SGS call logs themselves are sufficient to identify class members because they contain "the telephone number that received each call"[13] and other significant data. SGS rejects this outright, noting that the entire premise of Carroll's proffered expert, Anya Verkhovskaya, was that something more was needed to identify members based on the logs. Further, SGS questions the propriety of asking the Court to certify "a class of phone numbers rather than individuals"[14] and notes that the methods Carroll now proposes – including affidavits from potential class members, subpoenas to telephone carriers, and "post-certification identification" – should not be considered because they are raised for the first time here and were not before the Court on the *Motion to Certify Class*.

Carroll initially specified that his *Motion* sought reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[15] Then, in a *Motion to Supplement* filed three days later, he urged the Court to instead "apply the 'considerable discretion' standard applicable to Rule 54(b) motions, not the more stringent standard applied to Rule 59(e) motions."[16] Carroll also suggests that Rule 23(c)(1)(C), which permits courts to alter or amend an order granting or denying class certification before final judgment, applies. The Court finds that the 54(b) standard controls. In any event, Carroll's competing standards are of no

---

[12] Rec. Doc. No. 245, p. 2.
[13] Rec. Doc. No. 235-1, p. 2.
[14] Rec. Doc. No. 245, p. 11.
[15] Rec. Doc. No. 235, p. 1.
[16] Rec. Doc. No. 237-1, p. 1.

Document Number: 67701

moment because they all call for something that he does not have – a valid basis for reconsideration.

## II. LAW AND ANALYSIS

### a. Motions for Reconsideration

Although it has been noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[17] the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e) . . ."[18] The Court agrees with Carroll that, because its denial of class certification was not a final judgment, Rule 54(b) is the proper standard to apply.[19]

Rule 54(b) provides that:

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), "a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole."[20] Compared to the "stricter"[21] analysis required by Rule 59(e), "[d]istrict courts have considerable discretion in deciding whether to reconsider an interlocutory order"[22] under 54(b). "However, this broad discretion must be exercised

---

[17] *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,173 (5th Cir. 1990).
[18] *Lightfoot v. Hartford Fire Ins. Co.*, 2012 WL 711842, *2 (E.D. La. 2012).
[19] See *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017)("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)").
[20] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).
[21] *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198,* 495 F. Supp. 3d 392, 395 (M.D. La. 2020).
[22] *Keys v. Dean Morris, LLP*, 2013 WL 2387768, *1 (M.D. La. 2013).

4

Document Number: 67701

sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[23] Therefore, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."[24] "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[25]

   b. Analysis

Carroll fails to demonstrate any of the three grounds justifying reconsideration. There has not been an intervening change in controlling law with respect to the administrative feasibility standard, nor does Carroll really argue that there has been. He avers that the "Second, Sixth, Seventh, and Ninth Circuits have all rejected the heightened standard applied by this Court"[26] and that "no Fifth Circuit case has addressed whether or why"[27] the administrative feasibility standard should be applied. Accepting that proposition as true, such was also the legal landscape at the time the Court decided the *Motion to Certify Class*. Although Carroll cites a recently decided Eleventh Circuit case for the proposition that administrative feasibility is not part of the ascertainability inquiry,[28] he does not explain why this provides a basis for reconsideration; there was extra-circuit authority to that effect before, and there is extra-circuit authority to that effect now. The reality is that some courts – including the Eastern District of Louisiana[29] – apply the

---

[23] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).
[24] *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).
[25] *J.M.C. v. Louisiana Bd. of Elementary and Secondary Educ*, 584 F. Supp. 2d 894, 896 (M.D. La. 2008) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988)).
[26] Rec. Doc. No. 235-1, p. 7.
[27] *Id*.
[28] *Cherry v. Dometic Corporation*, 2021 WL 346121 (11th Cir. Feb. 2, 2021).
[29] *Sartin v. EKF Diagnostics, Inc.,* No. CV 16-1816, 2016 WL 7450471, at *6 (E.D. La. Dec. 28, 2016).

5

administrative feasibility standard. As noted above, this Court's application of that standard followed suit not only with valid precedent from other courts but with the controlling law as advocated for *by Carroll himself*. Thus, Carroll has not shown an intervening change in the law that compels a reconsideration of this Court's *Ruling*.

Likewise, Carroll does not point to new evidence as a basis for reconsideration. That leaves only the third basis for reconsideration: the possibility that this Court committed clear error that must be corrected to prevent manifest injustice. Carroll repeatedly insists that this Court was in error where it concluded that the SGS call logs were insufficient to identify putative class members. He argues, for the first time, that it was improper for the Court to focus on whether or not the *names* of those members could be gleaned from the call logs. On this point, the Court agrees with SGS's statement that "[c]lass members are people, not phone numbers."[30] Clearly, at some point, Carroll felt that it was necessary to identify class members by more than just a phone number; he retained an expert witness who purported to do just that based on third-party databases.

Carroll marshals various cases from across the country where courts concluded that records of telephone or fax numbers, without names, were sufficient to conclude that a putative class was ascertainable.[31] But the facts of those cases, and the methods for certification proposed by those parties, were not before this Court. Before this Court was a case where the Plaintiff proposed certifying a class based on call logs that did not identify *him*, with "corroboration" provided by an expert that this Court concluded was unreliable. Carroll continues to move the goal posts. In his *Reply*, he contends that "the amount of data offered in this case to identify the class members, plus the proposed

---

[30] Rec. Doc. No. 245, p. 18.
[31] See Rec. Doc. No. 235-1, p. 15.

processes to identify class members," are "more than enough."[32] But the "proposed processes" he refers to were never actually proposed; his proposed process was Anya Verkhovskaya, whose reports and testimony were excluded by this Court.

On the *Motion to Certify Class*, it was Carroll's burden to demonstrate that the class was ascertainable. The Court concluded that he had not carried that burden by simply pointing to the call logs and offering the conclusory assertion that they were reliable for that purpose. That argument was especially difficult to swallow in light of the fact that Carroll himself was not identified by the logs. Carroll continues to present this issue as a mere technicality. In fact, he now complains that he was "penalized for offering *too much* detail and *too much* information."[33] A proposed class that identifies phone numbers and not people does not comport with the requirements of Rule 23, and a proposed class that fails to identify the named Plaintiff cannot be called ascertainable. Essentially, Carroll chastises this Court for being unwilling to make a leap of faith that his proffered call logs could reliably identify class members. The Fifth Circuit has clearly counseled that the district court must "'find,' not merely assume, the facts favoring class certification."[34] Thus, the Court declines to reconsider its *Ruling*.

---

[32] Rec. Doc. No. 250, p. 3.
[33] Rec. Doc. No. 235-1, p. 2.
[34] *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005) (quoting Fed. R. Civ. P. 23(b)(3)).

### III. CONCLUSION

For the above reasons, Carroll's *Motion to Alter, Amend or Reconsider Ruling on Motion for Class Certification*[35] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 22, 2021.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[35] Rec. Doc. No. 235.