**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TAYLOR CARROLL

VERSUS

SGS AUTOMOTIVE SERVICES, INC.

CIVIL ACTION

16-537-SDD-RLB

**RULING**

This matter is before the Court on the *Motion to Alter, Amend or Reconsider Ruling on Daubert Motion to Exclude Class Expert*[1] filed by Plaintiff Taylor Carroll ("Carroll"). Defendant SGS North America, Inc. ("SGS") filed an *Opposition*,[2] to which Carroll filed a *Reply*.[3] For the reasons that follow, the Court finds that Carroll's *Motion*[4] shall be DENIED.

**I.  BACKGROUND**

On November 30, 2020, the Court granted SGS's *Daubert Motion to Exclude Class Expert*,[5] finding that the report of Carroll's proffered expert witness, Anya Verkhovskaya ("Verkhovskaya"), should be excluded because her "methodology [was] insufficiently reliable and of limited utility."[6] Carroll now urges the Court to reconsider that ruling because the Court excluded Verkhovskaya's report in its entirety when, in Carroll's view, "certain aspects of [the] report were not challenged,"[7] including her "conclusions related to sorting and filtering data."[8] SGS opposes the motion, arguing that it "fails to address the procedural standard required to justify reconsideration, much less show that the

---

[1] Rec. Doc. No. 238.
[2] Rec. Doc. No. 244.
[3] Rec. Doc. No. 251.
[4] Rec. Doc. No. 238.
[5] Rec. Doc. No. 232.
[6] *Id*. at p. 11.
[7] Rec. Doc. No. 238, p. 1.
[8] *Id*.

applicable legal standard has been met."[9] After reviewing the parties' briefs and the applicable law, the Court agrees with SGS.

## II.   LAW AND ANALYSIS

### a.  Motions for Reconsideration

Although it has been noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[10] the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b) [or] 59(e) . . . ."[11] Because the Court's granting of SGS's *Daubert Motion* was not a final judgment, Rule 54(b) is the proper standard to apply.[12]

Rule 54(b) provides that:

> [A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), "a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole."[13]

Compared to the "stricter"[14] analysis required by Rule 59(e), "[d]istrict courts have considerable discretion in deciding whether to reconsider an interlocutory order"[15] under

---

[9] Rec. Doc. No. 244, p. 1.
[10] *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,173 (5th Cir. 1990).
[11] *Lightfoot v. Hartford Fire Ins. Co.*, 2012 WL 711842, *2 (E.D. La. 2012).
[12] See *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017)("Because the district court was not asked to reconsider a judgment, the district court's denial of Austin's motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)").
[13] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).
[14] *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO, Loc. 198,* 495 F. Supp. 3d 392, 395 (M.D. La. 2020).
[15] *Keys v. Dean Morris, LLP*, 2013 WL 2387768, *1 (M.D. La. 2013).

54(b). "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[16] Therefore, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."[17] "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[18]

   b. **Analysis**

Because no evidentiary developments or changes in the law are discussed whatsoever, the Court assumes that Carroll's argument for reconsideration relies upon the third basis provided by Rule 54(b): clear error. That being said, Carroll does not argue that this Court committed clear error; the word "error" does not appear in his *Motion* or *Memorandum in Support* (though "clear error" is alleged in the *Reply*[19]). He instead opines that it was "unfair to completely exclude [Verkhovskaya's] testimony"[20] and suggests that "an appropriate resolution"[21] would be an amended *Ruling*.

The Court rejects the premise that it erred by allegedly exceeding the bounds of the relief sought by SGS in its *Daubert Motion*. Carroll makes much of the Court's statement in its *Ruling* that the "process of sorting numbers from the call logs into wireless or home numbers is not, for the most part, called into question by SGS."[22] This statement was not, however, intended to delineate the scope of the relief requested; it only served

---

[16] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564–65 (E.D. La. 2013).
[17] *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).
[18] *J.M.C. v. Louisiana Bd. of Elementary and Secondary Educ*, 584 F. Supp. 2d 894, 896 (M.D. La. 2008) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988)).
[19] Rec. Doc. No. 251.
[20] Rec. Doc. No. 238-1, p. 3.
[21] *Id*.
[22] Rec. Doc. No. 232, p. 9.

to note that the parties' briefing was mostly focused on other topics, namely, Verkhovskaya's proffered methodology for matching telephone numbers to names.[23] Similarly, the Court stated in its *Ruling* on the *Motion to Certify Class* that "[t]he bulk of the briefing on the instant *Motion* revolves around the ascertainability of potential class members."[24] This did not mean that the other factors for class certification were irrelevant or not before the Court, just as the Court's statement that SGS's *Daubert Motion* focused primarily on Verkhovskaya's name-matching methodology did not mean that *only* that portion of her report was the subject of the motion.

It is abundantly clear that SGS sought the exclusion of Verkhovskaya's report and testimony in their entirety. SGS's *Memorandum in Support* states that "[h]er report and testimony should be stricken under Rules 702 and 703 of the Federal Rules of Evidence."[25] And several of SGS's arguments addressed Verkhovskaya's credibility and qualifications overall, not any particular aspects of her report.[26] Moreover, the Court's analysis and conclusions clearly considered Verkhovskaya's process *in globo*. The finding that "her proposed methodology is neither 'expert' nor clearly reliable,"[27] for example, applies with equal force to her name-matching and to her "sorting and filtering." Even if SGS only moved for the exclusion of parts of Verkhovskaya's report and testimony, this Court would have been within its power to exclude it all. It is a well-worn principle that courts have has broad discretion in deciding whether to admit expert opinion

---

[23] The Court notes that the presence of the phrase "for the most part" clearly indicates that the sorting process *was* challenged to some extent by SGS, though it was not the primary focus of the motion.
[24] Rec. Doc. No. 234, p. 2.
[25] Rec. Doc. No. 126-1, p. 2.
[26] *See, e.g.,* SGS's argument that she lacked expert qualifications (Rec. Doc. No. 126-1, p. 8) and its argument that she made misrepresentations to the Court about her prior admissions as an expert (*Id*. at p. 17 *et seq*).
[27] Rec. Doc. No. 232, p. 16.

testimony.[28] This Court clearly cited that principle in its *Ruling*, stating that "[u]ltimately, this Court exercises its discretion as the gatekeeper of expert testimony to exclude Verkhovskaya's report."[29] Thus, insofar as Carroll argues that the Court was clearly in error because of the *scope* of its ruling, the Court disagrees. With Carroll having failed to present substantial grounds for reconsideration, his motion shall be denied.

## III. CONCLUSION

For the above reasons, Carroll's *Motion to Alter, Amend or Reconsider Ruling on Daubert Motion to Exclude Class Expert*[30] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 22, 2021.

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[28] *See General Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997) (holding that appellate courts review a trial court's decision to admit or exclude expert testimony under *Daubert* under the abuse of discretion standard); *see also Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (holding "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony"); *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence").
[29] Rec. Doc. No. 232, p. 17.
[30] Rec. Doc. No. 238.